(174 App. Div. 442)

SCHWAB v. BOYLE et al.

(Supreme Court, Appellate Division, First Department.   October 5, 1916.)

MUNICIPAL CORPORATIONS ⬦⟶149(3)—TERM OF PARTY APPOINTED PRESIDENT
      OF BOARD OF ALDERMEN—"ELECTIVE OFFICERS."

    Under Const. art. 10, § 5, providing that, in case of elective officers, no
.person appointed to fill a vacancy shall hold his office, by virtue of such
appointment, longer than the commencement of the political year next
succeeding the first annual election after the happening of the vacancy,
where a party, elected as alderman for two years beginning January 1,
1916, pursuant to Greater New York Charter (Laws 1901, c. 466) § 23,
was elected by the board its vice chairman, who, under section 23, acts
as president of the board when the office is vacant, on resignation of the
president January 31, 1916, he having a term of office from January 1,
1914, to December 31, 1917, a vacancy existed in the office of president
December 31, 1916, to be filled at the ensuing general election, the alder-
man's term as president not extending until the time when the resigned
president's term would have expired; the expression "elective officers,"
as used in the Constitution, relating to officers selected by the qualified
voters of the state or some political subdivision.

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
329;  Dec. Dig. ⬦⟶149(3).

    For other definitions, see Words and Phrases, First and Second Series,
Elective Officers.]

    Dowling, J., dissenting.

Appeal from Special Term, New York County.

Application of Joseph S. Schwab for writ of mandamus against
Edward F. Boyle and others.   From an order denying motion for
the writ, the applicant appeals.   Order affirmed.

Argued before CLARKE, P. J., and McLAUGHLIN, SCOTT,
DOWLING, and SMITH, JJ.

Ira J. Ettinger, of New York City, for appellant.
Terence Farley, of New York City, for respondents.

McLAUGHLIN, J.   The question presented by this appeal is one
of law; the facts, which are as follows, being undisputed:

At an election held in the city of New York in November, 1913,
one George McAneny was elected president of the board of aldermen
for a term of four years, beginning January 1, 1914, and expiring
December 31, 1917.   At an election held in the Seventh aldermanic
district of such city, in November, 1915, one Frank L. Dowling was
elected a member of the board of aldermen for a term of two years,
beginning January 1, 1916, and expiring December 31, 1917.   On the
3d of January following the commencement of his term of office he
was, under a provision of the Greater New York Charter (section
23) made vice chairman of the board of aldermen.   This section pro-
vides that:

    "The board of aldermen shall elect a vice chairman to preside over its
meetings, who shall possess the powers and perform the duties of the presi-
dent of the board of aldermen, when the president is sick, absent or under
suspension, or while the president of the board of aldermen is acting as mayor,
or when a vacancy occurs in said office, and who shall, during such time, be a

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

member of every board of which the president of said board of aldermen is a member by virtue of his office."

On the 31st of January, 1916, McAneny having resigned, Dowling, by virtue of this section, became invested with the power to "per- form the duties of the president of the board of aldermen." Section 18 of the charter, relating to the board of aldermen, or so much of it as is pertinent to the question involved, provides that:

"The board of aldermen shall consist of members elected, one from each of the aldermanic districts, * * * and of the president of the board of aldermen. * * * The president of the board of aldermen shall be chosen on a general ticket by the qualified voters of the city at the same time and for the same term as herein provided for the mayor. * * * The aldermen shall be elected at the general election in the year 1901 and every two years thereafter. The term of office of each member of the board of alder- men shall commence on the first day of January after his election and shall continue for two years thereafter. The phrase 'all the members of the board of aldermen,' whenever used in this act, shall be taken and held to mean all the members of said board, including the president of the board of aldermen and the president of the several boroughs. The phrase 'members elected to the board of aldermen,' whenever used in this act, shall be taken and held to mean all the members of said board except the president of the board of aldermen and the presidents of the several boroughs. Any vacancy which may occur among the members elected to the board of aldermen shall be filled by election by a majority of all the members elected thereto of a person who must be of the same political party as the member whose place has become vacant, and the person so elected to fill any such vacancy shall serve for the unexpired portion of the term."

The question presented by the appeal is whether a vacancy will exist in the office of the president of the board of aldermen on the 31st of December, 1916. If so, then the same must be filled at the ensuing general election. If such vacancy will exist, then the order from which the appeal is taken is right and should be affirmed. If, on the other hand, Dowling's term as president of the board does not expire until December 31, 1917, the time when McAneny's term would have expired, had he not resigned, then there is no vacancy and the order is erroneous.

Section 5 of article 10 of the Constitution of the state provides that:

"The Legislature shall provide for filling vacancies in office, and in case of elective officers no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy."

In People ex rel. Deitz v. Hogan, 214 N. Y. 216, 108 N. E. 459, the court held that members of the board of aldermen were consti- tutional officers and the filling of vacancies in that office was gov- erned by the section of the Constitution above quoted. Therefore, under this section of the Constitution, as construed by the Court of Appeals, Dowling, at the time he was made vice chairman of the board, was a constitutional officer. He had been elected by the qualified voters of the Seventh aldermanic district. His term of office was two years, which was neither increased nor diminished by the fact that he was made vice chairman of the board of aldermen. As an incident to and connected with his selection as vice chairman, in case

of a vacancy, he became its acting president, but in doing so he did not cease to be a constitutional officer. He was still a member of the board of aldermen, the office to which he had been elected. The words "elective officers," as used in the Constitution, relate to officers selected by the qualified voters of the state, or some political subdivision of it, as distinguished from officers selected in another way. One selected to discharge the duties of an elective office, in case of a vacancy, can only hold such office, or discharge the duties connected with it, until the next ensuing general election, no matter how such selection is made, whether by the Governor, mayor, or board of aldermen. This, it seems to me, the constitutional provision clearly contemplates; its purpose being to enable the qualified voters to select their own officers.

When, therefore, McAneny resigned, Dowling, solely by reason of his selection as vice chairman, became clothed with the powers to perform the duties of the president; but he only possessed such powers until the next ensuing general election, when it will be for the qualified voters of the city to say who shall be president of the board of aldermen.

If this view be correct, then it follows that the order is right and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except—

DOWLING, J. (dissenting). I dissent upon the ground that the action taken by which Alderman Dowling became vice chairman of the board of aldermen was an election, and not an appointment; that when, by operation of law (Greater New York Charter, § 23), upon the resignation of President McAneny, Dowling became invested with the power to perform the duties of president of the board of aldermen, he was not "appointed" to the latter position, but succeeded to it by reason of his incumbency of his prior elective position. There being, as I view the situation, no "appointment" to office and no "person appointed" thereto, the provisions of article 10, § 5, of the Constitution, do not apply, and it was not necessary to fill a vacancy in the office of president of the board of aldermen at the ensuing general election.

I therefore favor reversing the order appealed from and granting the relief sought by petitioner.