In the Matter of the Application of the COUNTY OF ULSTER,
Acting by and through Its Board of Supervisors, Respondent, for
a Peremptory Mandamus Order against THE STATE DEPARTMENT
OF PUBLIC WORKS OF THE STATE OF NEW YORK and Others,
Appellants.

Third Department, January 7, 1925.

Highways — application for peremptory mandamus order to compel
State Highway Commissioner to approve determination of board of
supervisors as to place where highway money should be expended under
Highway Law, § 320-b — Highway Commissioner disapproved determi-
nation — mandamus will not lie unless disapproval was arbitrary,
capricious or unreasonable — ground assigned for disapproval was
discrimination by board of supervisors between towns for political
reasons — if discrimination existed disapproval was proper — question
of fact was raised as to reason for disapproval — peremptory order
improperly granted.

Mandamus will not lie to compel the State Highway Commissioner to approve
the determination made by the board of supervisors of the county of Ulster
under section 320-b of the Highway Law as to the place where and the manner
in which highway moneys are to be expended for the construction and improve-
ment of highways pursuant to the provisions of section 320 or 320-a of the
Highway Law, unless the State Highway Commissioner acted arbitrarily,
capriciously or unreasonably or his action was induced by false information.

The State Highway Commissioner having disapproved the determination made
by the board of supervisors on the ground that highway moneys were, under
the determination, withheld from three towns of the county by the board,
because those towns had elected Democratic supervisors, the burden was upon
the board to allege in its petition and to establish the facts which entitle it to
the relief it seeks which are that the disapproval was arbitrary, unreasonable
or based on false information.

If the facts stated by the State Highway Commissioner on which he based his
disapproval are true then he acted properly in disapproving the determination.

The petition and the opposing affidavits raise a question of fact which cannot
be disposed of on an application for a peremptory order of mandamus and,
therefore, the peremptory order was improperly granted.

APPEAL by The State Department of Public Works of the State
of New York and others from a peremptory mandamus order
of the Supreme Court, made at the Ulster Special Term and entered
in the office of the clerk of the county of Ulster on the 26th day
of June, 1924, requiring approval by the State Highway Com-
missioner and others of a determination of the board of supervisors
of Ulster county as to the expenditure of money for highway con-
struction and improvement.

*Carl Sherman, Attorney-General* [*Charles E. McManus, Deputy
Attorney-General,* of counsel], for the appellants.

*John W. Eckert,* for the respondent.

**630**  MATTER OF CO. OF ULSTER *v.* STATE DEPT. OF PUB. WORKS.

Third Department, January, 1925.  [Vol. 211

COCHRANE, P. J.:

Section 320-b of the Highway Law (added by Laws of 1920, chap. 840, as amd. by Laws of 1922, chap. 162) provides in part as follows: " The moneys paid by the State together with an equal amount appropriated by the county and moneys appropriated by the towns shall become a common fund for the purpose of determining the places where and the manner in which such money shall be expended as provided herein. The board of supervisors of any county shall determine the place where and the manner in which such moneys shall be expended for the construction and improvement of highways or roads, pursuant to the provisions of section three hundred and twenty or three hundred and twenty-a of this chapter, or pursuant to any other general or special law authorizing county aid in the construction and improvement of highways or roads within the county other than county highways. Such determination shall be in triplicate signed by the chairman and clerk of the board and be approved by the State Highway Commission before the same shall take effect." All the powers and duties of the State Highway Commission under said statute were in 1923 by the Public Works Law transferred to and were directed to be exercised and performed by the State Superintendent of Public Works as the head of the State Department of Public Works through the Bureau of Highways, the head of which bureau is the Commissioner of Highways who exercises and performs his powers and duties under the supervision, direction and control of the Superintendent of Public Works. The board of supervisors of Ulster county pursuant to said section 320-b of the Highway Law made a determination as to " the place where and the manner in which " the money indicated by said statute should " be expended for the construction and improvement of highways or roads " and presented such determination to the State Highway Commissioner for approval. The Commissioner disapproved of the same. The purpose of this proceeding is not merely to compel action by the Commissioner, for he has acted, but to compel him to act in a particular manner by approving of the determination of the supervisors, and the order from which the appeal is taken requires such approval. When the statute declares that the determination shall be approved there is implied the right and duty to disapprove if the facts warrant such disapproval. The approval by the Commissioner is not a perfunctory requirement of the statute but there is involved the exercise of discretion and judgment in the discharge of a public duty. This discretion should be exercised not arbitrarily or capriciously but fairly and impartially. The statute clearly intends, however, that the board of supervisors and the State

Highway Commissioner shall be in accord as to the propriety of the determination first made by the board of supervisors and then submitted to the Commissioner for approval. The board may not act independently of the Commissioner but must act subject to his approval. As before indicated, the Commissioner has exercised his discretion and judgment adversely to the determination of the supervisors and the general rule is that mandamus will not lie to compel the performance of an act by a public officer contrary to his discretion already fairly exercised. But if the action of the officer has been arbitrary, capricious or unreasonable or has been based on false information then the remedy by mandamus may apply. (*People ex rel. Empire City Trotting Club* v. *State Racing Commission,* 190 N. Y. 31; *People ex rel. Lodes* v. *Department of Health of the City of New York,* 189 id. 187.) The respondent contends that the action of the Commissioner was arbitrary and unreasonable or was based upon false information and thus it seeks to avail itself of the principle declared in the foregoing cases and the mandamus order herein has been granted on that theory. There is an erroneous assumption in this case by the respondent. It is that the Commissioner withheld approval because three of the towns which had elected supervisors of a certain political faith had been excluded from the apportionment of highway moneys in the determination of the supervisors in question. If that were a correct statement of the reason of the Commissioner for his disapproval the peremptory order was properly granted. No one would attempt to justify such a reason. But the reason assigned by him was that the board of supervisors had for political reasons discriminated against the three towns because they had elected supervisors of a certain political faith. The reason for the disapproval by the Commissioner was expressed in his letter to the clerk of the board of supervisors which in part is as follows: " I understand that the three towns in 1923 and the three towns in 1924 from which such moneys were withheld have all elected Democratic supervisors and that the reason they were not included in the apportionment was that they were represented by Democratic supervisors. I dislike to bring up a matter in which the political complexion of the town is concerned. It has no proper place in the distribution or the use of public funds for public highway construction. But the discrimination against these towns and the reason therefor is so obvious that I cannot see my way clear to approve the determination and agreement as passed by your board. The Legislature in enacting section 320-B of the Highway Law did not have in mind and had no intention of allowing this money to be used in a political manner by the board of supervisors." If

**632** MATTER OF CO. OF ULSTER *v.* STATE DEPT. OF PUB. WORKS.

Third Department, January, 1925. [Vol. 211

that letter correctly states the fact probably no one will argue that the Commissioner was not justified in disapproving a determination which involved a political discrimination by the supervisors against certain towns. The issue is not whether the Commissioner is discriminating for political reasons in favor of the three towns but whether the supervisors for political reasons have discriminated against said towns. It is this latter alternative on which he bases his disapproval of the determination by the supervisors. It is clear that the burden rests on the board of supervisors to allege in its petition and to establish the facts which entitle it to the relief it seeks. It must, therefore, allege in its petition facts showing that the disapproval was arbitrary, unreasonable or based on false information. Otherwise under the authorities it can have no relief. In *People ex rel. Lodes* v. *Department of Health of the City of New York* (*supra*) the board of health had revoked its permission to the relator to sell milk on the ground that the relator had been convicted of selling adulterated milk. The court said: " If the relator can show that he and those acting for him have not been convicted of violating the statute and the conditions imposed in the granting of the permits, and that consequently he is a fit and proper person to engage in the sale and distribution of milk among the inhabitants of the city, then he would be entitled to the relief asked for. But if he desired to submit such evidence, he should have asked for an alternative rather than a peremptory writ." It is alleged in the petition that the reason of the Commissioner " is capricious, arbitrary, tyrannical and unreasonable and is based upon false information, if upon any information at all, to the effect set forth in the letter of refusal and the reasons given by the said Commissioner for refusing to approve of the said determination agreement are not within the contemplation of the statute, and are arbitrary and illegal, for the reasons hereinbefore set forth." This allegation tenders an issuable fact. But it is specifically denied in the opposing affidavits and in connection with that denial and other denials of similar allegations in the petition there is an allegation in the opposing affidavits " that one of the reasons for the disapproval of the determination was that political consideration entered into the determination of the said board, was and is improper, and by reason thereof an unfair, inequitable and unjust distribution of State moneys was contemplated and proposed by the said board of supervisors." Hence arises a question of fact which cannot be disposed of by a peremptory order. The respondent now argues that this denial " is a denial of a statement of law and not any denial of fact." If this be true the petition is incomplete and should have been dismissed for

insufficiency. The reason assigned by the Commissioner for his action not being on its face arbitrary or unreasonable or otherwise insufficient it was incumbent on the respondent to allege facts showing the arbitrary or unreasonable or otherwise unlawful nature of his refusal. If respondent has alleged such facts they are denied. If it has failed to do so its petition is insufficient. In either event the order was improperly granted. The petitioner having proceeded to argument and demanded a peremptory order the answering affidavits as to any disputed questions of fact must be regarded as true. (*People ex rel. Pumpyansky* v. *Keating,* 168 N. Y. 390, 398; *Matter of Haebler* v. *New York Produce Exchange,* 149 id. 414.) It follows that the peremptory order should not have been granted.

All concur.

Order reversed on the law, with costs, and motion denied, with fifty dollars costs and disbursements.