SAM NEEDLEMAN, Appellant, *v.* JOHN R. VOORHIS et al., as Members of the Board of Elections of the City of New York, Respondents.

(Argued September 30, 1930; decided October 7, 1930.)

*George E. Polhemus, C. Gordon Lamude* and *Israel A. Needleman* for appellant. The provision of article X, section 5, of the Constitution is restricted in its application to elective constitutional officers. (*People* v. *Hogan,* 214 N. Y. 216; *People* v. *Scheu,* 167 N. Y. 292; *People* v. *Comstock,* 78 N. Y. 356.) A borough president is not a constitutional officer. (*People ex rel. Deitz* v. *Hogan,* 214 N. Y. 216.) The Legislature did not have the power to devolve the constitutional function of apportioning Assembly districts upon any one not elected to the office of alderman. (*People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451; *Wamer* v. *People,* 2 Den. 283; *People* v. *Albertson,* 55 N. Y. 57; *Williams* v. *Boynton,* 147 N. Y. 426; *People* v. *Draper,* 15 N. Y. 544.)

*Arthur J. W. Hilly, Corporation Counsel (William E. C. Mayer* and *J. Joseph Lilly* of counsel), for respondents. The president of the borough of Brooklyn is an elective, constitutional officer, one of whose duties is connected with the apportionment of the counties composing the city into Assembly districts. (*People ex rel. Deitz* v. *Hogan,* 214 N. Y. 216; *Matter of Schwab* v. *Boyle,* 174 App. Div. 442; 219 N. Y. 561.)

*Per Curiam.* A borough president is an elective officer and a member of the board of aldermen (Greater New York Charter, § 18). That body is charged under the Constitution (Art. III, § 5) with the duty of dividing the several counties within the city of New York into Assembly districts and its members are constitutional officers (*People ex rel. Deitz* v. *Hogan,* 214 N. Y. 216, 222; *Matter of Schwab* v. *Boyle,* 174 App. Div. 442, 445; affd., 219 N. Y. 561). The present incumbent of the office of

borough president of the borough of Brooklyn, appointed to fill a vacancy (Greater New York Charter, § 382), is forbidden to hold his office by virtue of such appointment beyond the commencement of the next political year (Const. art. X, § 5). So much of section 382 of the Greater New York Charter as provides that a vacancy in this office shall be filled for the unexpired term of his predecessor is, therefore, unconstitutional.

The judgment should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.