■ In the Matter of Edward Cain, Respondent, v Joseph A. Fernandez, as Chancellor of the City School District of the City of New York, Appellant, et al., Respondents. [595 NYS2d 181] —Judgment of the Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 7, 1991, which granted a petition, pursuant to CPLR article 78, to the extent of prohibiting the Chancellor of the City School District of the City of New York, as well as respondent Community School Board No. 12, from removing petitioner from his position as an

elected member of that School Board, unanimously reversed, on the law, and the petition dismissed, without costs.

Petitioner Edward Cain has been registered to vote at 1806 Vyse Avenue, Apartment 2S, Bronx County since 1988. On May 2, 1989, Mr. Cain was elected to serve as a member of respondent Community School Board No. 12 for a three-year term, commencing July 1, 1989 and, since that time, has continued to actively serve as a member. On June 25, 1990, the Chancellor sent a letter to the President of the local School Board, stating: "Attached you will find a report of the Inspector General regarding Edward Cain. The report concludes that Mr. Cain does not reside, as required, within Community School District No. 12. Therefore, by operation of law, he cannot serve as a member of your school board. Accordingly, I am ordering that the school board fill the vacancy created by Mr. Cain's non-residency within sixty days of this letter, as required by Education Law 2590-c".

Petitioner instituted a CPLR article 78 proceeding against the Chancellor, the Board of Education and the School Board, seeking a temporary restraining order and declaration that the Chancellor is without authority to remove petitioner, as an elected member of the School Board, upon the basis that he does not reside in the geographic area comprising Community School District No. 12. Supreme Court granted petitioner's application for a stay of the Chancellor's order directing the School Board to fill the vacancy and restrained any interference with Mr. Cain's performance of his duties as an elected School Board member. Subsequently, the court granted the petition to the extent of permanently prohibiting the Chancellor and School Board from removing petitioner from his position and dismissing the petition as against the Board of Education. Respondent Chancellor appeals.

Although the Chancellor concedes that petitioner is, in fact, presently registered to vote in Community School District No. 12, he contends that Supreme Court "is incorrect in its assumption that the mere fact of such registration meets the residency requirement of Education Law § 2590-c (4). The term 'registered voter residing' in a community district requires a community board member to fulfill two conditions: (1) he must be registered to vote in the district; and, (2) he must reside in the district. To conclude that Education Law § 2590-c (4) requires only that a community board member be registered to vote in the district would be to read out of the statute the word 'residing' and to render it a nullity."

We agree. The rule in deciding an article 78 proceeding is that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Tommy & Tina v Department of Consumer Affairs,* 95 AD2d 724, *affd* 62 NY2d 671). As stated in *Matter of Herzog v Joy* (74 AD2d 372, 375, *affd* 53 NY2d 821), "an administrative agency's construction and interpretation of its own regulations and of the statute under which it functions is entitled to the greatest weight."

Petitioner Cain correctly states that the language of Education Law § 2590-c (4) is amenable to different interpretations. "Every registered voter residing in a community district * * * shall be eligible for membership on such community board" might, contrary to the Chancellor's argument, mean simply that a voter, registered by the Board of Elections because of his residence in a particular School District, is thereby eligible to serve on the local Community School Board. However, by virtue of the ambiguity, petitioner has established only that the Chancellor's interpretation of the statute is no less valid than his own and is, therefore, "entitled to the greatest weight" *(Matter of Herzog v Joy, supra,* at 375).

In a special proceeding seeking relief by way of a writ of prohibition, it is incumbent upon the applicant to demonstrate that a public officer is proceeding in excess of his authority *(Matter of McGinley v Hynes,* 51 NY2d 116, 122-123, *cert denied* 450 US 918; *Matter of Dondi v Jones,* 40 NY2d 8, 13). Petitioner herein argues only that the Board of Elections is vested with the authority to determine the qualification of a person to vote based upon his residence (Election Law §§ 5-102, 5-104), which determination is, in any event, merely "presumptive evidence of a person's residence for voting purposes" (Election Law § 5-104 [2]), subject to rebuttal *(Matter of Bressler v Holt-Harris,* 30 NY2d 529). Moreover, the Election Law applies to govern the election of Community School Board members only "so far as applicable" (Education Law § 2590-c [6]), and this Court has recognized that "the involved and detailed registration and election procedures contained in the city's so-called Decentralization Law (see Education Law, § 2590-c) * * * differ materially from those which ordinarily govern general elections" *(Matter of Roher v Dinkins,* 40 AD2d 956, 957, *affd* 32 NY2d 180). The statute provides that a vacancy is created under "conditions enumerated in the public officers law creating a vacancy" (Education Law § 2590-c [8] [a]), including the incumbent "ceasing to be an inhabitant of

the state, or if he be a local officer, of the political subdivision, or municipal corporation of which he is required to be a resident when chosen" (Public Officers Law § 30 [1] [d]), a provision which is clearly consistent with other requirements of the Education Law (see, e.g., Education Law § 2112). Moreover while, as petitioner intimates, an invalidation petition might be the preferable procedural device to challenge the residency of a School District candidate, petitioner points to no procedure under the Election Law by which the residency of a sitting member of a local Community School Board might be challenged.

Finally, petitioner's contention that the Education Law provides no procedural or statutory protection of his right to due process is of no moment. Upon removal by the Community School Board, a former member is an aggrieved party within the contemplation of Education Law § 310 and may appeal to the Commissioner of Education and contest the propriety of his determination in a judicial proceeding (Catlin v Sobol, 77 NY2d 552). Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Rubin, JJ.