■ In the Matter of BENJAMIN RAMOS et al., Respondents, v RAMON C. CORTINES, as Chancellor, et al., Appellants, and COMMISSIONER OF EDUCATION OF THE STATE OF NEW YORK et al., Respondents. [628 NYS2d 662] —Order, Supreme Court, New York County (Douglas McKeon, J.), entered March 25, 1994, which granted the petitioners' petition pursuant to CPLR article 78 and annulled an order of the Chancellor, dated December 22, 1993, removing petitioner Ramos as a member of Community School Board Number 9, Bronx County, unanimously reversed, on the law and the facts, the petition is denied and dismissed, and the Chancellor's order reinstated in its entirety, with costs.

In *Matter of Cain v Fernandez* (191 AD2d 322), we reversed this same trial court and held, not only that the Chancellor had the authority to remove a member of a local board for failing to meet residency requirements as stated in the Education Law, but also that the Chancellor's construction of the statutes and the administrative regulations promulgated pursuant thereto control, if same are not unreasonable. As demonstrated by the respondents-appellants, the Chancellor has consistently interpreted the regulations to require that community board members actually reside in, as well as be registered to vote in, the district in which they serve and, that it is not possible to maintain more than one residence for the purposes of the residency requirement for election to the local school board (*see, Matter of Willard*, 23 Ed Dept Rep 448, 449; *Appeal of Lavelle*, 28 Ed Dept Rep 189, 192; *accord, Matter of Reifler*, 31 Ed Dept Rep 235).

There was therefore, no basis to refer the matter for a hearing in this case. We note that the petitioner Ramos would not have been entitled to a hearing before his office was declared vacant by operation of law in any event. School board members are elected officers with neither a property right nor a vested right to their offices (*Matter of Roher v Dinkins*, 32 NY2d 180, 188), as such there is no issue of due process raised insofar as removal of an officer is concerned (*Matter of Ocean Hill-Brownsville Governing Bd. v Board of Educ.*, 23 NY2d 483, 487). Moreover, in this case the Office of the Special Commissioner of Investigation for the New York City School District conducted an extensive investigation, which produced overwhelming evidence that petitioner Ramos has only one residence, in South Plainfield, New Jersey. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Mazzarelli, JJ.