(75 App. Div. 264.)

PEOPLE ex rel. O'KEEFFE v. McFADDEN, Collector.

(Supreme Court, Appellate Division, Second Department.   October 3, 1902.)

1. CIVIL SERVICE—VETERANS—DISCHARGE—CONFIDENTIAL RELATION.

Greater New York Charter, § 156, authorizes the collector of assessments and arrears to appoint the requisite number of deputies, and requires him to take a bond from them, but enacts that the collector and his sureties shall be liable for the acts of the deputies; that the deputies shall have all the powers and be subject to all the duties of the collector in respect to the collection of assessments and arrears.   Laws 1899, c. 370, § 21, forbids the removal, without hearing, from public employment, of an honorably discharged veteran, except from the position of private secretary or deputy of any official or department, or any other person holding a strictly confidential relation to the appointing officer.   Held, that a deputy collector of arrears and assessments was within the exception of the statute, and was removable, under the general power conferred by section 1543 of the charter, without a hearing.

2. SAME—STATUTES.

The right of the deputy was not changed by Laws 1901, c. 533, declaring that no legislative enactment passed during the year 1901 should be construed to permit the discharge of a veteran except for incompetency.

Appeal from special term.

Mandamus by the people on the relation of Michael O'Keeffe against William E. McFadden as collector of assessments and arrears of the city of New York, to compel respondent to reinstate the relator in the position of deputy.   From an order denying the writ, the relator appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Edward J. McCrossin, for appellant.
James McKeen, for respondent.

WOODWARD, J. The relator alleges in his petition that he "is, and was at all times hereinafter mentioned, an honorably discharged soldier, who served as such in the Union army during the war of the Rebellion," and that, "prior to his removal, he duly notified the said William E. McFadden, collector of assessments and arrears, that he was an honorably discharged soldier who served as such in the Union army during the war of the Rebellion, and that, notwithstanding said notice and said protests made as hereinbefore set out, your petitioner was removed, and his name stricken, as he is informed and verily believes, from the pay rolls of said city." It is not disputed that the relator, Michael O'Keeffe, was appointed to the office of deputy collector of assessments and arrears for the borough of Brooklyn on January 1, 1898, and duly qualified by filing a bond for $15,000. He continued to hold the position, and to discharge its duties, until January 6, 1902, when he was notified by the respondent that his services were dispensed with. The relator moved at a special term of the supreme court for a peremptory writ of mandamus directing his reinstatement, and from the order denying said motion this appeal is taken.

The relator claims to be entitled to reinstatement under the provisions of section 21 of chapter 370 of the Laws of 1899. This section provides that:

"No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the war of the Rebellion, * * * shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right to such employé or appointee to a review by a writ of certiorari. * * * Nothing in this section shall be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer."

The question to be determined, for there is no doubt of the facts as set forth in the relator's petition in respect to his service in the Union army, is whether the position which he was filling was within the exception clause of the statute above cited. By the provisions of section 151 of the charter of the Greater New York, as amended by chapter 466 of the Laws of 1901, it is provided that there shall be five bureaus of the department of finance, the third of which shall be "a bureau for the collection of assessments, and of such taxes, assessments and water rents as are in arrears, the chief officer of which shall be called the collector of assessments and arrears." Section 152 provides that the comptroller shall appoint the collector of assessments and arrears, and that the latter shall, before entering upon the discharge of the duties of his office, enter into a bond to the city of New York, to be approved by the chamberlain and comptroller, in the penal sum of $25,000, for the faithful discharge of the duties of the office. Section 155 provides for a principal office in the borough of Manhattan, with branch offices in the borough of Brooklyn, etc., and section 156 provides that the collector of assessments and arrears may appoint the requisite number of deputy collectors of assessments and arrears, and that he shall take from each deputy so appointed by him a bond, in such penal sum

and with such securities as may be approved by him and by the comptroller and chamberlain, which bond shall run to the collector, the city of New York, and to whom it may concern, and shall be conditioned for the faithful performance of the duties of such deputy. It also provides that the collector of assessments and arrears, and his sureties, shall be liable for the acts and defaults of the deputy collectors, and that "each deputy collector of assessments and arrears shall have all the powers and be subject to all the duties of the collector of assessments and arrears in respect to the collection of assessments and arrears." In other words, each deputy, upon his appointment, becomes vested with all of the powers of his principal, in so far as the discharge of the duties of the office are concerned, and the principal and his sureties are made responsible to the city for the faithful discharge of these duties, so that these deputies are not only deputies in name, but they are occupying such confidential and responsible relations to the appointing power that it would be contrary to the declared policy of the state to withhold the power of removal, which is provided in section 1543 of the charter. People v. Dalton, 158 N. Y. 204, 214, 52 N. E. 1119. It would be unjust to a public official to place him in a position where he must appoint deputies, who should be invested with all of his powers in the discharge of the duties of the office, and make him and his bondsmen responsible for the conduct of such deputy, with no power to remove the latter; and it was to protect public officials thus situated that the provision was inserted in the statute excepting from its operation the private secretaries, deputies, and confidential servants. See People v. Dalton, 158 N. Y., at page 213, 52 N. E. 1119.

We think the suggestion that the law in relation to veterans, in so far as the rights of the relator are concerned, has been in any way modified, abrogated, or changed by the provisions of chapter 533 of the Laws of 1901, is untenable. This act was passed for the obvious purpose of preventing any change in the existing laws in reference to veterans, and not with the intent of taking from section 21 of chapter 370 of the Laws of 1899 the exception clause in reference to confidential positions. It is the intent of the legislature, fairly expressed, which is to be given the force of law; and, viewed in this light, chapter 533 of the Laws of 1901 has no effect upon the general law under which the relator claims.

The order appealed from should be affirmed, with costs.

Order affirmed, with $10 costs and disbursements. All concur.