In the Matter of the Application of RICHARD W. MORRIS, Petitioner, against CHARLES F. NEIDER, Mayor of the City of Geneva, Respondent, for a Review of a Determination of Said CHARLES F. NEIDER, as Mayor of the City of Geneva, in a Hearing Entitled: In the Matter of Charges of Neglect of Duty, Misconduct in Office and Conduct Unbecoming an Officer against R. W. MORRIS, Chief of Police of the City of Geneva, New York.

Fourth Department, March 6, 1940.

*James M. Ryan*, for the petitioner.

*Thomas J. Cleere [Albert G. Kirby* with him on the brief], for the respondent.

HARRIS, J. This is an application made under article 78 of the Civil Practice Act to review the determination of the mayor of the city of Geneva by virtue of which determination the petitioner was removed from his position as police chief of Geneva.

On the 1st day of October, 1926, the petitioner herein was appointed chief of police of the city and he held such office until this discharge by the mayor. The petitioner is an honorably-discharged veteran of the World war and has at all times in this

proceeding claimed protection by virtue of the provisions of section 22 of the Civil Service Law.

The charges under consideration were brought against the petitioner herein on October 20, 1939, by the then police commission of the city of Geneva. The charges were two in number and in substance were as follows:

1. That in the year 1924 the city of Geneva purchased certain revolvers and paid for the same, such purchase being for the use of the police force of the city of Geneva; that following a change of equipment in the year 1927 these revolvers were turned over to the petitioner herein and that between the years 1927 and 1932, inclusive, such petitioner disposed of the revolvers together with two holsters belonging to the city and received certain sums of money in payment therefor; that such sums of money were kept in the possession of petitioner and that he neglected and failed to inform the common council of the city of Geneva of the disposition of the articles or the receipt of the money; at various times while such money was in his hands, at the request of petitioner as chief of police, certain transfers of funds were made to the police department fund, to replenish such police department fund, and that in asking for such transfer of funds, the petitioner failed to notify the common council of his possession of the moneys received from the sale of such revolvers and holsters, which sum aggregated $139; that the sale of the articles was made without the knowledge and consent of the common council and in violation of the law and of the ordinances and regulations of the city of Geneva, and that such conduct on the part of the petitioner was neglect of duty, misconduct in office and conduct unbecoming to a police officer.

Charge No. 2, in substance, was to the effect that the sale of the equipment to which mention is made above, was not authorized by the common council and was not ratified or confirmed by the said common council, and that the sale was an unlawful disposition of property of the city of Geneva; that the petitioner kept such moneys for a long period of time and failed either to notify the common council of the existence of such funds, or failed to turn the same over to the common council; that the sale was made in violation of law and ordinances and regulations, because made without the knowledge and consent of the common council and without the ratification or confirmation by the council; and that the petitioner allowed requests to be made for transfer of funds to the police department fund when he had possession of moneys received from the sale of the equipment, and that he retained such sums of money for a long period of time without notifying the proper authorities of the fact; such conduct as stated in such

charge No. 2 is claimed to be neglect of duty, misconduct in office, and conduct unbecoming to a police officer.

The hearing on the above-described charges was held before the above-named respondent, Neider, mayor of the city of Geneva. At the close of the hearing the mayor reserved decision and on October 25, 1939, he, the mayor, handed down a determination finding the petitioner herein guilty of both such charges preferred against him and removing him from office as chief of police.

In substance, the proof before the mayor on the hearing of the charges was as follows: That during the year 1928 the then police commission of the city of Geneva (and at the time that the change of equipment in respect to revolvers was ordered) directed the petitioner, as chief of police, to take the said revolvers, the use of which was discontinued, to retain them and to sell them for the best price available and, upon the completion of the sale of all of the said revolvers, to make a report thereof to the commission. Following such instructions, the petitioner took charge of the said revolvers (fifteen of them) and between the years 1927 and 1932 sold twelve of them, together with some holsters, and for an aggregate selling price received the sum of $139. The petitioner claims that he placed the cash as it accumulated, to the amount of $139, in an envelope which he retained in a locked drawer in his desk at headquarters. Between the year 1928 and the filing of the charges against the petitioner herein, there were changes in the makeup of the police commission of the city of Geneva.

Prior to the filing of the charges, the then police commission, in the year 1939, having been informed of the existence of the fund of $139, ordered that the petitioner turn in such money to the city treasurer, and he made such transfer.

There is a dispute in testimony as to whether or not at the time of the demand the petitioner had the money in the desk at headquarters, or had it at his home. Apparently the mayor decided this dispute in favor of the contention that the chief did not have the money in his desk at headquarters. There is no dispute that at all the times the petitioner had in his possession, at one place or the other, the sum of $139, and that there was in his office a strong box in which was always kept the petty cash of the office. With these facts before him the respondent Neider made and returned the decision of guilt and of dismissal.

At Special Term, over the objection of the respondent herein, it was held that this proceeding was one cognizable under article 78 of the Civil Practice Act, and therefore, by reason of the provisions of section 1296 of the Civil Practice Act the justice there presiding transferred this proceeding to the Appellate Division

for disposition. The respondent Neider raises the same objection to the consideration of this proceeding by this court. The basis of the objection of the respondent is that due to the provisions of section 90 of the Geneva City Charter (Laws of 1897, chap. 360, as amd.) his determination in removing the petitioner as chief of police is not subject to court review.

Such section 90, in addition to providing for the method of making and proceeding on charges and the hearing thereon, provides as follows: " If the mayor shall find the accused officer guilty of the charge made against him, he may order his suspension * * * or impose upon him a fine * * *; or order his dismissal from the police force; or he may subject him to any other discipline described in the rules of the police department * * * and his decision shall be final and conclusive and not subject to review by any court."

Subdivision 1 of section 22 of the Civil Service Law (under which section the petitioner herein claims protection and the right to proceed in this court) provides in part:

Subd. 1. " Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the State of New York, or in the several cities, counties, towns or villages thereof, * * * who is an honorably discharged soldier * * * having served * * * in the world war, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari."

As has been stated herein, there is no dispute that the petitioner is an honorably-discharged World war veteran. Although it may be contended that his position is not a subordinate position within the meaning of the decisions in *Matter of Fornara* v. *Schroeder* (261 N. Y. 363) and in *Matter of Mylod* v. *Graves* (274 id. 381), it is clear from the provisions of the charter of the city of Geneva (*supra*) that the position held by the chief of police is not an independent position but one subordinate in nature. Such provisions of the charter recite that the police department and the chief thereof be under the control and management of the commissioner of police (§ 79), and that the chief of police is a member of the police force (§§ 82, 83). This position of chief of police being in the nature of a subordinate position as described in *Matter of Mylod* v. *Graves* (*supra*), the petitioner is entitled to the protection of section 22 of the Civil Service Law unless the provision of the city charter (above quoted) which provides that the decision of the mayor in matters of discipline shall be final and conclusive,

and not subject to review of any court, is a provision of law superior to the Civil Service Law of the State. Such provision of the charter was enacted and became in force in 1897, and the substance of section 22 of the Civil Service Law came into effect by the enactment of original section 21 of the Civil Service Law of 1899. Ordinarily an existing statute is not repealed by a later enacted statute unless (1) the later enacted statute specifically repeals the earlier statute, or (2) the contents of such later enacted statute are such as to show the clear intention of the Legislature to make ineffective (so far as the effect of the later statute is concerned) the earlier statute. In view of the purpose of the Civil Service Law, which is to provide continuity in service of those who come within its purview, and in view of the evident intention of the Legislature in enacting the original section 21 (now section 22) of the Civil Service Law, to protect World war veterans and those of like public service from summary removal, it must be held that section 90, in so far as the prohibition of review of the decision of the mayor is concerned, must give way to the provisions of subdivision 1 of section 22 of the present Civil Service Law; this because, if the conclusion were the reverse, any city, by securing or making a change in its charter, could remove any persons who are entitled to reward for war service or other service in time of public stress, from the protection of the Civil Service Law. The intention of the Legislature was to continue that protection irrespective of the desires of the several municipalities.

The petitioner herein is entitled to a holding of this court that he has the protection of the provisions of subdivision 1 of section 22 of the Civil Service Law of the State and, therefore, is entitled to a review in this court of the action of the mayor in finding him guilty on the charges and removing him from his position.

Now there comes for consideration the question of whether or not the disposition by the mayor of such charges was proper. There can be no question but that his decision was judicial in its nature and the propriety thereof is to be judged by rules that govern judicial action. If there were sufficient evidence on the hearing before him to support the decision of the mayor, then such decision should be affirmed. Conversely, if the decision of the mayor is against the weight of the evidence before him, then his decision should be reversed. The decision is called an opinion and recites the testimony before the mayor practically as above recited. The mayor then concluded as follows: " In view of all the testimony heard by me on the trial of these charges and the evidence introduced and accepted therein, I find Chief Morris guilty on both charges and order his immediate dismissal from the office of Chief

of Police of the City of Geneva, N. Y." This decision is too inclusive to warrant it being sustained. Questions of neglect of duty and misconduct in office convey the thought that the person accused has failed to perform his duty competently or that his conduct is such that his incompetency is plainly apparent. Both charges accuse the petitioner of violating the law and the ordinances in making the sales without the knowledge and consent of the common council and in failing to notify the common council of the disposition of the equipment and in reception of the money. With the record in the present shape it is plain that the chief, in selling the equipment and retaining the money, acted at the behest and under the orders of his immediate superiors, the police commission, and, although such sale may have been in violation of the provisions of the charter of the city, it cannot be said that in obeying the orders of the commission he acted in bad faith. In fact, on the record one can only conclude that this sale was made in good faith under the orders of his superior, and that there is nothing in such record to warrant the determination of the mayor. Such determination should be annulled and the prayer of the petitioner for reinstatement should be granted, with fifty dollars costs and disbursements.

All concur. Present — CROSBY, P. J., TAYLOR, DOWLING, HARRIS and McCURN, JJ.

Determination annulled and petitioner reinstated, with fifty dollars costs and disbursements.