In the Matter of the Application of Burrell T. Cappon, Petitioner, for an Order against Thomas J. Cleere, Surrogate of the County of Ontario, State of New York, Respondent.

Supreme Court, Ontario County, February 2, 1942.

*Anson L. Gardner*, for the petitioner.

*F. Allen DeGraw, County Attorney*, for the respondent.

*Arthur T. McAvoy*, for Cora E. Schnirel.

GILBERT, J. This proceeding is instituted by the petitioner pursuant to the provisions of article 78 of the Civil Practice Act. Petitioner seeks an order of this court directing petitioner's reinstatement to the office of clerk of the Surrogate's Court of Ontario County, from which said office he alleges that he was removed without cause and without a hearing upon due notice upon stated charges. Upon the return date of the order to show cause which was granted to petitioner, one Cora E. Schnirel appeared by attorney and sought to intervene as an interested party, claiming this right also under the provisions of article 78 of the Civil Practice Act.

The facts are not in dispute. The petitioner is an honorably discharged World War veteran and an exempt volunteer fireman. He was appointed to the office of clerk of the Ontario County Surrogate's Court on September 1, 1932, by the then surrogate of that county, and has served as such officer from that date until January 5, 1942, when the respondent, the newly-appointed surrogate of Ontario county, having qualified as such on January 3, 1942, by a written order filed in said court, appointed one Cora E. Schnirel as clerk of the Surrogate's Court of Ontario County. No written order had been previously filed in the court revoking the appointment of petitioner, nor had any charges been filed against petitioner and notice of hearing thereon given to petitioner.

The petitioner bases his right to reinstatement on the provisions for the benefit of honorably discharged veterans of the World War and of exempt firemen found in subdivision 1 of section 22 of the Civil Service Law, which provides: " No person holding a

position by appointment or employment in the State of New York, * * * who is an honorably discharged soldier * * * having served as such in the * * * army. * * * of the United States * * * during the world war or who is an exempt volunteer fireman * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges * * *. The burden of proving incompetency or misconduct shall be upon the person alleging the same * * *. Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department."

The respondent bases his authority for the action taken on the provisions of section 21 of the Surrogate's Court Act and also urges that the office of clerk of the Surrogate's Court is not one within the protection of the provision of section 22 of the Civil Service Law.

We will first consider the provisions of section 21 of the Surrogate's Court Act, which, so far as pertinent, provides: " By a written order filed and recorded in his office, which he may in like manner revoke at pleasure, a surrogate may appoint a clerk of the Surrogate's Court. * * *."

The respondent contends that the term of office of the petitioner ended with the termination by resignation of the term of office of Surrogate CRIBB (now Supreme Court justice), the predecessor in office of respondent, whose resignation took effect on December 31, 1941, and that a vacancy existed in the office of clerk on January 5, 1942, which it was necessary for the respondent to fill.

This contention is not sound nor supported by the provisions of the Surrogate's Court Act. True, no fixed term of office of the clerk is provided by section 21. The section does provide, however, the manner by which an appointment once made may be revoked, viz., by an order in writing filed in the office of the surrogate. No such order was made or filed. The Surrogate's Court is always open for the transaction of business (§ 34); in case of disability or absence, or a vacancy in the office, the duties of his office must be discharged by certain substitutes (§ 8); the board of supervisors may under certain circumstances appoint a temporary surrogate. (§ 14.) During all of these contingencies the court and the clerk must function. The office of clerk is not, therefore, personal to the surrogate, but belongs to the court, and an incumbent, once appointed, continues in office until removed as provided by law. Section 6 of article 13 of the State Constitution declares that if the term of an office is not fixed by the Constitution it may be declared by law, and, if not so declared, the office shall be held

during the pleasure of the appointing authority. In the instant case the appointing and removing authority is the surrogate; no particular surrogate, but the surrogate in office when the exigency arises. It seems clear, therefore, that the petitioner's tenure of his office was not terminated by the resignation on December 31, 1942, of Surrogate CRIBB, but that petitioner continued to hold his office of clerk at least until January 5, 1942.

There may be grave doubt whether the act of the respondent in filing in his court the order appointing Miss Schnirel as clerk of the Surrogate's Court of Ontario County was such a compliance with the provisions of section 21 of the Surrogate's Court Act as to terminate the petitioner's tenure of office. However, for the purpose of this decision, the act of the respondent in filing the new order of appointment will be considered as tantamount to the filing of an order revoking petitioner's prior appointment.

Was the petitioner subject to summary dismissal from office, or was he entitled to the protection of section 22 of the Civil Service Law notwithstanding the " revoke at pleasure " provision of section 21 of the Surrogate's Court Act?

The pertinent provision of section 22 of the Civil Service Law has been stated. It is conceded that petitioner is a veteran of the World War, an exempt volunteer fireman, and that no charges were made against him or notice of hearing given to him.

Section 22 of the Civil Service Law and section 21 of the Surrogate's Court Act are not in conflict. It has been held where analogous statutes have come into apparent conflict that the power of removal or of revocation of appointment had not been abolished, but only that the incumbent should have the right to be heard before the removal was made. (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158, 163; *People ex rel. McKeon* v. *Ludwig*, 215 id. 389; *Matter of Morris* v. *Neider*, 259 App. Div. 49.)

The law seems well settled that the protection of section 22 will not be extended to independent officials but is restricted to holders of subordinate positions who come within its provisions. (*People ex rel. Jacobus* v. *Van Wyck*, 157 N. Y. 495; *Matter of Mylod* v. *Graves*, 274 id. 381; *Matter of Christey* v. *Cochrane*, 211 id. 333. See, also, *Matter of Morris* v. *Neider, supra.*)

The question at issue would seem to hinge directly on whether the clerk of the Surrogate's Court is an independent official or a subordinate employee within the meaning of the authorities.

" The test by which to determine whether they [officials] are subordinates is not whether a review of such of their determinations as are *quasi*-judicial may be had, but whether, in the performance of their various duties, they are subject to the direction and control

of a superior officer, or are independent officers, *subject only to such directions as the statute gives*. If the latter, then the officer is not a subordinate as the term is used in decisions bearing upon the subject." (Italics supplied.) (*People ex rel. Jacobus* v. *Van Wyck, supra*.)

"Apparently this court has not found a rule which can be easily and automatically applied. Each case must be determined upon the facts. The principle, however, is clear." (*Matter of Mylod* v. *Graves, supra*.)

The clerk of a Surrogate's Court in any county is appointed by the surrogate pursuant to section 21 of the Surrogate's Court Act. The position of such clerk is in the exempt class. (See Civ. Serv. Law, § 13, subd. 4.) His powers are set forth in sections 29 to 32 of the Surrogate's Court Act and these as therein enumerated are largely ministerial and clerical in their character. They are concerned with the certification of papers, issuance of citations, administration of oaths, etc. None of these duties is of a *quasi*-judicial nature, although seemingly they are statutory directions. Were these sections alone to be considered, the clerk of a Surrogate's Court might be deemed to act as an independent official.

There is, however, more to be considered. The Surrogate's Court Act makes a further and far more complete provision for the administration of the office of the surrogate. These provisions are directed at the surrogate himself; by sections 16 and 17 the surrogate is directed to keep books; section 18 requires him to file bonds; section 19 prescribes his course of action on the probate of wills. All direct the performance of certain duties. It is too obvious to admit of serious discussion that the surrogate is not to perform these tasks personally, but that they are to be performed under direction and supervision of the surrogate by the clerk of the Surrogate's Court. It cannot be said that in the carrying out of these duties a clerk acts independently of the surrogate; rather, he clearly acts in a subordinate capacity and as an employee. Significant, although no longer binding, is the fact that until 1935 a surrogate was personally responsible for the acts of his clerk. The duties of the clerk have not changed materially since that time.

Applying the test submitted in *People ex rel. Jacobus* v. *Van Wyck* (*supra*), it becomes clear that the petitioner herein is a subordinate employee. The test as recited hereinabove is whether or not the official, in the performance of his various duties, is subject to and under the control of the superior officer, or is an independent officer subject *only to such directions as the statute gives*. In the situation before this court the petitioner has certain duties set out by statute,

but these are ministerial in nature and do not comprise the bulk of his duties. Most of the latter are those for which the surrogate is responsible and which he controls, directs and supervises. A person acting under the order of a superior officer, and not independently of him, must be classed as a subordinate officer.

The petitioner, therefore, was not subject to dismissal by the respondent except for incompetency or misconduct shown after a hearing upon due notice upon stated charges.

Taking up now the question of the right of Cora E. Schnirel to intervene as a party to this proceeding: petitioner moves under article 78 of the Civil Practice Act, which became effective September 1, 1937, supplanting former articles 78, 79 and 80, and which prescribes, among other things, the steps to be taken in a proceeding " to compel performance of a duty specifically enjoined by law." (§ 1284.) Article 78 contains the entire statutory authority relative to such a proceeding, and if Cora E. Schnirel is entitled to intervene in such a proceeding her right to do so must be contained in that article. It is nowhere to be found. True it is that section 1298 of the Civil Practice Act makes provision for the intervention of third parties in " a determination to be reviewed," but that is not the nature of this proceeding.

Section 1284 of the Civil Practice Act defines the terms used in article 78. Subdivision 2 of that section recites: " The expression ' to review a determination ' refers to the relief heretofore available in a certiorari or a mandamus proceeding for the review of any act or refusal to act of a body or officer exercising judicial, *quasi-judicial*, administrative or corporation functions, which involves an exercise of judgment or discretion."

The above subdivision cannot be applicable to this proceeding because this proceeding is not one to review an act or refusal to act of a body or officer *which involves an exercise of judgment or discretion*. Rather, it is a proceeding to compel performance of a duty enjoined by law, and subdivision 3 of the same section defines it. It recites: " The expression ' to compel performance of a duty specifically enjoined by law ' refers to all other relief heretofore available in a mandamus proceeding."

Section 1298 of the Civil Practice Act provides as follows: " Upon the application of a person specially and beneficially interested in upholding or annulling a determination to be reviewed, the court, in its discretion may admit him as a party in the special proceedings upon such terms as justice requires. In a proper case, a term of the Appellate Division of the Supreme Court at which the cause is noticed for hearing and is placed upon the calendar may direct that notice of the pendency of the special proceeding

be given to any person in such a manner as it thinks proper, and may suspend the hearing until notice is given accordingly."

Since this is not a proceeding involving " a determination to be reviewed " (§ 1298), the third party seeking admission as a party to the proceeding gains no benefit from the above section and the court is without authority to admit her as a party.

The application must be denied.

An order may be entered in accordance with this decision directing the respondent in this proceeding to reinstate the petitioner to the office of clerk of the Surrogate's Court of Ontario County and that petitioner receive the salary of such office from January 5, 1942.

A further and separate order may be entered denying the application of Cora E. Schnirel to intervene in the proceeding.