In the Matter of MERLE A. DICKINSON, Petitioner, against IRV-ING L. MONROE, as President of the Board of Trustees of the Village of Palmyra, et al., Respondents.

Supreme Court, Wayne County, September 25, 1943.

*Joseph A. Haney* for petitioner.

*John W. Miles* for respondents.

CRIBB, J.   The petitioner has instituted this proceeding for an order reinstating him to the position of Chief of Police of the Village of Palmyra, N. Y., pursuant to the provisions of section 22 of the Civil Service Law.   It is conceded that he was removed from his position as chief of police without a hearing, and the

parties have stipulated that he was at the time of such removal an exempt volunteer fireman, as defined in the General Municipal Law [art. 10].

It was determined in *Matter of Morris* v. *Neider* (259 App. Div. 49) that the Chief of Police of the City of Geneva, N. Y., occupied a subordinate position entitling him to the protection of section 22 of the Civil Service Law, which protects exempt volunteer firemen in subordinate municipal positions from removal without a hearing. This decision would appear to be controlling in the case at bar. The respondents contend, however, that the petitioner's term of office had expired at the time of his removal, that his office was not a subordinate position, and that he waived the protection given him by section 22 of the Civil Service Law by his failure to promptly notify the respondents of his status of an exempt volunteer fireman, entitled to its protection.

In support of their contention that the petitioner's term of office expired on May 28, 1942, the respondents rely on the Charter of the Village of Palmyra (L. 1879, ch. 194) which provides (§ 9) that all officers appointed by the Board of Trustees of the village shall hold office at the pleasure of the Board. They have shown that the petitioner was annually appointed to his position for successive terms of one year each for seventeen consecutive years prior to 1942, and that at the organization meeting of the Village Board on April 10, 1942, the petitioner was appointed chief of police "during the pleasure of the Board". From this they argue that his term expired when the Board notified him on May 22, 1942, that his employment should be terminated on May 29, 1942, and that such action was not a removal of the petitioner. Respondents' contention is not sound. The respondents' action constituted a removal of the petitioner from his position. It is well settled that where the power of removal or termination of employment is conferred by statute it may be exercised only in conformity with the provisions of section 22 of the Civil Service Law, which grants unto exempt volunteer firemen the right to a hearing before removal. (*Matter of Cappon* v. *Cleere*, 177 Misc. 1027.)

The respondents' contention, that the petitioner's position is not a subordinate one, is without merit. The wording of the Village Charter — " the trustees may also create such subordinate offices as they shall deem necessary " (§ 9) — appearing after the provision for the appointment of a chief of police, cannot be taken to indicate that the position of chief of police is not also a subordinate position. The classification of a par-

ticular office or position under the Civil Service Law depends upon the duties performed in the position, rather than upon the particular title which may be applied to it. (*Matter of Mercer* v. *Dowd*, 288 N. Y. 381.)

It does not appear that the petitioner's duties as chief of police are different from those of police chiefs generally. The petitioner was a subordinate employee. (*Matter of Morris* v. *Neider*, 259 App. Div. 49, *supra*.)

The petitioner did not waive his right to the protection afforded by section 22 of the Civil Service Law by his failure to give earlier notice to the respondents that he was an exempt volunteer fireman. On May 11, 1942, the respondent, Wallace J. Beatty, Clerk of the Village of Palmyra, signed a certificate that the petitioner was an exempt volunteer fireman, which certificate was duly recorded in the Wayne County Clerk's office on May 13, 1942, and on May 29, 1942, the petitioner gave notice to each of the respondents by registered mail that he was an exempt volunteer fireman. Under these facts, it cannot be held that he waived any of his rights.

An order may be entered in accordance with this opinion directing the respondents in this proceeding to reinstate the petitioner to the office of Chief of Police of the Village of Palmyra, N. Y., and that the petitioner receive the salary of such office from May 29, 1942.