In the Matter of John I. O'Day, Appellant, against Charles T. Yeager, as Surrogate of Erie County, Respondent, and Robert W. McNulty, Intervener-Respondent.

Fourth Department, November 10, 1954.

*John I. O'Day,* appellant in person.

*Elmer R. Weil, County Attorney (Wortley B. Paul* of counsel), for respondent.

*Michael Catalano* for intervener-respondent.

*Per Curiam.* This is an article 78 proceeding for the reinstatement of petitioner as clerk of the Surrogate's Court of Erie County. The respondent Surrogate has made an order purporting to revoke petitioner's appointment as clerk. No charges were filed, and no hearing was held. Petitioner, an honorably discharged veteran of World War II, claims the protection of section 22 of the Civil Service Law.

While section 21 of the Surrogate's Court Act in terms empowers the Surrogate to remove the clerk " at pleasure ", there is no doubt that this power is subject to section 22 of the Civil Service Law. (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489, 496.) Under the latter statute, petitioner, as an honorably discharged veteran, is protected from removal without charges or a hearing, unless he is a " deputy " within the meaning of the statute or an " independent officer " within the meaning of the cases. (*People ex rel. Jacobus* v. *Van Wyck,* 157 N. Y. 495.) We have come to the conclusion that respondent Surrogate may not avail himself of these exceptions to the general policy protecting veterans from summary discharge.

To constitute an independent office there must be a direct statutory assignment of duties, and these duties must be governmental and not merely clerical. (*People ex rel. Hoefle* v. *Cahill, supra.*) " The test by which to determine whether they [officers] are subordinates is   *   *   *   whether, in the performance of their various duties, they are subject to the direction and control of a superior officer, or are independent officers, subject only to such directions as the statute gives." (*People ex rel. Jacobus* v. *Van Wyck, supra,* p. 506.) The statute chiefly involved in this case is section 32 of the Surrogate's Court Act, and while we are referred to other sections as well, they do not alter the essential nature of the office. Some of the provisions of section 32 confer on the clerk powers which are clearly ministerial and clerical (see subds. 1, 3, 5). Other powers are granted, not directly by the statute, but only on the approval and direction of the Surrogate himself (subds. 6, 10, 11). Others are severely limited by the statute (see subd. 8) or by the case law (subd. 2, *Mauran* v. *Hawley,* 2 Dem. 396; subd. 10, *Matter of Feit,* 278 App. Div. 944; *Matter of O'Beirne,* 259 App. Div. 1047, affd. 287 N. Y. 791). Some of the provisions of section 32 apply, not

solely to the clerk, but to a number of clearly subordinate employees (subds. 7, 8, 10, 11). Certain of the powers conferred by the section are important and in practice may involve the exercise of some discretion (subd. 4), but what the clerk in fact does is immaterial (*Matter of Mercer v. Dowd,* 288 N. Y. 381). In every case, judicial determination is reserved exclusively to the Surrogate. Judicial powers cannot be delegated. (*Roderigas v. East River Sav. Inst.,* 76 N. Y. 316.) The function of the clerk and a number of other subordinate employees, particularly in a metropolitan county, is chiefly to relieve the Surrogate of various administrative and clerical burdens. " It cannot be said that in the carrying out of these duties a clerk acts independently of the surrogate; rather, he clearly acts in a subordinate capacity and as an employee." (*Matter of Cappon v. Cleere,* 177 Misc. 1027, 1031.) The cases holding officers to be " independent " uniformly involve officers empowered by statute to make quasi-judicial determinations. (*People ex rel. Jacobus v. Van Wyck, supra; Matter of Mylod v. Graves,* 274 N. Y. 381; *Matter of Christey v. Cochrane,* 211 N. Y. 333.) The clerk of the Surrogate's Court is empowered to determine nothing. The power of making determinations is the nondelegable function of the Surrogate himself.

Nor do we think that petitioner is a " deputy ". Since he cannot exercise judicial or governmental authority or make a decree, he is not the alter ego of the Surrogate, even in the latter's absence or disability. Delegation of ministerial authority does not make anyone a deputy. (*Matter of Petrillo v. Lynn,* 243 App. Div. 796, affd. 268 N. Y. 673.) This exception to the general policy expressed in section 22 of the Civil Service Law contemplates only officers authorized by statute or pursuant to statute to exercise a substantial part of the important duties of their principals. (*Matter of Byrnes v. Windels,* 265 N. Y. 403; *Matter of Wisner v. Thorp,* 243 App. Div. 710; *People ex rel. O'Keefe v. McFadden,* 75 App. Div. 264; *People ex rel. Cochrane v. Tracy,* 35 App. Div. 265.) We conclude that a clerk of the Surrogate's Court is a subordinate employee.

The order appealed from should be reversed and the relief prayed for in the petition granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order reversed on the law and petition for reinstatement granted, without costs of this appeal to any party.