In the Matter of WALTER A. BYRNES, Appellant, against
PAUL WINDELS, as Corporation Counsel of the City of
New York, Respondent.

(Argued October 4, 1934; decided November 20, 1934.)

*Roy P. Monahan* and *S. Bertram Friedman* for appellant.

*Paul Windels, Corporation Counsel* (*Paxton Blair* of counsel), for respondent.

CRANE, J.   The Civil Service Law of the State was enacted pursuant to directions contained in the Con-

stitution (Art. V, § 9, Const. 1894). That law, being chapter 7 of the Consolidated Laws (Laws of 1909, ch. 15), divides the civil service of the State into the unclassified and the classified service. The unclassified service (§ 9) comprises all elective offices, all offices filled by election or appointment by the Legislature, all persons appointed by name in any statute, all legislative officers and employees and offices filled by appointment by the Governor, except the employees in the executive offices, all election officers, the head or heads of any department of the government, and school officials. Outside of these specified places, all other positions in the State or city are within the classified service. The so-called veterans' acts, now sections 21 and 22 of the Civil Service Law, apply only to the classified service. (*Matter of Flaherty* v. *Milliken*, 193 N. Y. 564; *Matter of McEneny* v. *McKee*, 236 App. Div. 140.)

Taking up the classified service, we find that it contains four divisions: the exempt, the competitive, the non-competitive and the labor class (§ 12), and then proceeds to state what positions are included in the exempt class (§ 13). The purpose of the exempt class is to permit an appointment without civil service examination. The positions which are exempted are (1): " the deputies of principal executive offices authorized by law to act generally for and in place of their principals." This does not necessarily mean that every deputy is put in the exempt class. Only those deputies are thus exempted by the statute itself who are authorized by law to act generally for and in place of their principals. It may be that other deputies could be exempted under subdivision 4 of section 13, which provides that there may be included in the exempt class all other subordinate offices for the filling of which competitive or non-competitive examination may be found to be not practicable. Neither must the inference be drawn that deputies are only those authorized by law to act generally for and in place of their principals.

Sections 21 and 22 of the Civil Service Law are the veteran provisions, 21 providing for preference in appointment, and 22 preventing removals except for cause after notice and hearing. This court held in *Matter of Fornara* v. *Schroeder* (261 N. Y. 363) that section 22 applied as well to the exempt class as to the competitive, so that a person, serving in a position placed in the exempt class by the civil service, could not be removed without compliance with the provisions of section 22, were he a veteran within its specifications. The *Fornara* case expressed the rule as it had been recognized in the prior cases of *Matter of Eisle* v. *Woodin*, (205 App Div. 452) and *Matter of Seeley* v. *Stevens* (190 N. Y. 158).

The petitioner, Walter A. Byrnes, is an Assistant Corporation Counsel of the city of New York, whose position has been classified as exempt, pursuant to section 13. It is conceded that he is a veteran, and that he was removed summarily, without cause, that is, he was not removed for incompetency or misconduct after a hearing upon due notice upon stated charges. He is entitled to reinstatement, unless his position comes within the exception stated in section 22, which is: " Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official. or department." In the early veterans' acts (Laws of 1888, ch. 119; Laws of 1894, ch. 716) the exception was: " The provisions of this act shall not be construed to apply to the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential position." (*People ex rel. Ostrander* v. *Morton*, 12 Misc. Rep. 476; affd., 146 N. Y. 404.) The latter clause is no longer in the law. We are, therefore, called upon to determine whether the relator was a deputy, with corresponding duties, and designated as such by statutory provision. Merely calling him a deputy is not alone sufficient unless the duties of deputy apply to his office and are specified by some act of the Legislature.

In *People ex rel. Hoefle* v. *Cahill* (188 N. Y. 489, and at p. 497) it was stated: " We think that when the statute excepted from the limitations upon the power to remove certain persons like relator the office of deputy, cashier or private secretary, it contemplates only positions brought within these excepted classes by the terms of the laws which created or authorized and defined them, or at the most positions which under some sufficient authority at the discretion of the appointing or superior power have been invested with the duties and character of one of the excepted positions."

The mere use of the word " deputy " may not in and of itself create the exception. Thus, in *People ex rel. Ryan* v. *Wells* (178 N. Y. 135) a Deputy Tax Commissioner was held not to be a deputy, but a subordinate official. (See, also, *People ex rel. Conway* v. *Barker*, 14 Misc. Rep. 360.) In *People ex rel. Jacobus* v. *Van Wyck* (157 N. Y. 495) it was held that the veterans' provisions only applied to subordinate positions and do not include an assessor in New York city who is a public officer vested with discretion in the performance of his duties and not subject to the direction and control of a superior officer. If *People ex rel. Griffin* v. *Lathrop* (142 N. Y. 113), relating to the keeper in a prison, appears to be a ruling somewhat at variance with these other cases, it must be noticed that a special act of the Legislature authorized the removal. In other words, the position cannot be classed as a deputyship by the head of the department by the mere use of the word.

A " deputy " has been defined by the Standard Dictionary (Funk & Wagnalls Co.) as " One authorized to act for or in place of another, especially in official relations. A deputy may be *general*, as empowered to act with the full authority of his principal, or *special*, as limited to certain duties." In " Words and Phrases Judicially Defined," " the term *deputy* means ' one who is appointed, designated, or deputed to act for another.' (*Willis* v. *Melvin*, 53 N. C. 62, 63.) "

We turn to the charter of the city of New York (Laws of 1901, ch. 466; amd. Laws 1917, ch. 602) and find the powers of the Corporation Counsel in reference to appointments, contained in section 256, and they are these: " The corporation counsel may appoint and at pleasure remove as many assistants to the corporation counsel as are necessary to the discharge of the duties of the law department. * * * The corporation counsel may also appoint and at pleasure remove a first assistant corporation counsel who shall during the absence or disability of the corporation counsel possess all the powers and perform all the duties of the corporation counsel. In the event of the death of the corporation counsel, or a vacancy in that office, said first assistant shall act as corporation counsel until the appointment and qualification of a corporation counsel. Any assistant corporation counsel shall, in addition to his other powers, possess every power and perform all and every duty belonging to the office of the corporation counsel, or so much of such duties as the corporation counsel shall deem it necessary to delegate whenever so empowered by said corporation counsel by written authority, designating therein a period of time, not extending beyond three months, nor beyond the term of office of said corporation counsel, during which such power and authority may be exercised; such designation and authority must be duly filed and remain on record in the law department, and may be revoked at any time." Note in passing that the First Assistant Corporation Counsel is within the exempt class by direct statutory provision (Civil Service Law, § 13, subd. 1), and it is conceded that the position of the petitioner has been placed within the exempt class, no doubt in compliance with subdivision 4 of the same section. We are of the opinion that these Assistant Corporation Counsels, given by the charter additional powers, to wit, " every power and perform all and every duty belonging to the office of the corporation counsel or so much of such duties as the cor-

poration counsel shall deem it necessary to delegate," became deputies within the meaning of the exception to the provisions of section 22. The provisions of the charter, above quoted, specifically define what may be the duties of an Assistant Corporation Counsel when specially delegated or authorized by the head of the department. Here is the statutory authority given to the appointing or superior officer to invest these Assistant Corporation Counsels with the duties and character of the Corporation Counsel himself. They are deputized to act for him and to possess every power and perform all and every duty belonging to the office. The Corporation Counsel may appoint an assistant but, when once appointed, that assistant may have the power and authority which is thus given him by statute. In other words, he may become a deputy. That the classification of " deputy " in section 13, subdivision 1, is not intended to be a definition or limitation upon the use of the word throughout the entire act, is quite evident, when we see that the position of cashier or private secretary, if there be more than one, is not included in section 13, but is included in the exception to section 22. In other words, " deputy," in this exception, may be broader in meaning than when used in subdivision 1 of section 13.

The necessity for this provision in the charter is quite apparent when we remember the duties devolving upon the Corporation Counsel of a great city like New York, and which must be delegated to other lawyers. He is the law officer of the city and must appear in courts to defend or prosecute the city's litigation. He cannot do this work himself. It is a physical impossibility to be done by one deputy. There must be numerous lawyers to handle this work, not merely for the Corporation Counsel, but for the city, and while doing it they act very largely upon their own responsibility. Such at least must be the case when appearing in court. Discretion also very largely rests with these assistant lawyers in

the proper disposition of the case outside of court. Upon them rests as much responsibility in the individual cause submitted to them as upon the head of the department or an attorney representing a private client. Thus, the charter from necessity says that in addition to their other duties they " possess every power and perform all and every duty belonging to the office of the corporation counsel, * * * whenever so empowered."

We, therefore, consider the position of this petitioner different from that of the other applicants who appeared before this court at the last session, in that they were not deputies, but held subordinate offices. (*Matter of Mafera* v. *Pasta*, 265 N. Y. 552; *Matter of Kiernan* v. *Ingersoll*, 265 N. Y. 553; *Matter of Murray* v. *Blanshard*, 265 N. Y. 554; *Matter of MacMaster* v. *Harvey*, 265 N. Y. 555.)

For this reason, the ruling of the courts below has been correct, and the order should be affirmed, with costs.

CROUCH, J. (dissenting). I dissent upon the ground that until an Assistant Corporation Counsel has been empowered by the written authority of the Corporation Counsel delegating to such assistant all or some part of the authority which is vested by law in the Corporation Counsel alone, such assistant can by no stretch of language be fitly called a deputy. The meaning and intent of section 256 of the charter seem to me to be unmistakably to that effect.

POUND, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur with CRANE, J.; CROUCH, J., dissents in memorandum in which LOUGHRAN, J., concurs.

Order affirmed.