In the Matter of Robert Steen, Petitioner, against The County of Nassau et al., Respondents.*

Supreme Court, Nassau County, May 28, 1942.

* Affd. 265 App. Div. 858.

*Michael A. Petroccia* for petitioner.

*Marcus G. Christ, County Attorney* (*John J. Knob* of counsel), for respondents.

HOOLEY, J. This is an application by the petitioner, an exempt volunteer fireman, for reinstatement to the position of Deputy County Assessor of Nassau County from which position he was discharged on December 31, 1941. He was concededly in the exempt class of the civil service.

It appears that on January 1, 1938, petitioner was transferred from the position of Assistant Assessor of the town of Oyster Bay, which position he had held since January 1, 1926, to a position in the Department of Assessment of the County of Nassau. He was designated as a " Deputy County Assessor " and his annual salary was fixed at $4,000. He remained in said position until the date aforesaid, when he was discharged by the Chairman of the Board of Assessors without a hearing and without charges being preferred against him.

The respondents' answer admits all of the material allegations of the petition except that it denies that the petitioner's discharge was illegal, and it affirmatively alleges that the petitioner was a " deputy " in the exempt class of the civil service and that he could properly be removed, as he was, without the preferment of charges and without a hearing as provided for under section 22 of the Civil Service Law. That section provides in part: " Nothing in this [section] shall be construed to apply to the position of * * * *deputy* of any official or department." (Italics supplied.)

In petitioner's reply he contends that he was only nominally a " deputy " and that, in fact, he held a subordinate position of the type which would be protected by section 22 of the Civil Service Law.

The main issue in the case, therefore, seems to revolve around the question as to whether the petitioner was a " deputy " within the purview of section 22 of the Civil Service Law.

Section 9 of the Public Officers Law defines a deputy as follows: " * * * If there is but one deputy, he shall, unless otherwise prescribed by law, possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office. If there be two or more deputies of the same officer, such officer may designate, in writing, the order in which the deputies shall act, in case of his absence from the office or his inability to act, or in case of a vacancy in the office, and if he shall fail to make such designation, the deputy longest in office present shall so act. If two or more deputies present shall have held the office for the same period, the senior deputy in age shall so act. * * * "

It is clear from a reading of the foregoing section that the deputies contemplated by such section are deputies who have the power and duty to act for their principal in case of his absence or inability to act. And of course, if the petitioner were such a deputy herein there could be no question as to the right of the appointing authorities to discharge him summarily and without a hearing, even though he were an exempt fireman. (*Matter of Wisner* v. *Thorp*, 243 App. Div. 710; *Matter of Byrnes* v. *Windels*, 265 N. Y. 403.)

There is also a question as to whether the petitioner might not be classed as a subordinate employee despite his title, because it is apparent that section 13 of the Civil Service Law contemplates that the exempt class may embrace others than deputies. That section provides as follows:

" 13. The Exempt Class.

" The following positions shall be included in the exempt class:

" 1. The deputies of principal executive officers authorized by law to act generally for and in place of their principals; * * *

" 4. * * * in addition thereto there may be included in the exempt class all other subordinate offices for the filling of which competitive or non-competitive examination may be found to be not practicable. * * * Appointments to positions in the exempt class may be made without examination."

In *Matter of Byrnes* v. *Windels* (*supra*) the court said with respect to section 13 aforesaid: " The purpose of the exempt class is to permit an appointment without civil service examination. The positions which are exempted are (1): ' the deputies

of principal executive officers authorized by law to act generally for and in place of their principals.' This does not necessarily mean that every deputy is put in the exempt class. Only those deputies are thus exempted by the statute itself who are authorized by law to act generally for and in place of their principals. *It may be that other deputies could be exempted under subdivision 4 of section 13, which provides that there may be included in the exempt class all other subordinate offices for the filling of which competitive or non-competitive examination may be found to be not practicable. Neither must the inference be drawn that deputies are only those authorized by law to act generally for and in place of their principals.*" (Italics supplied.)

It is apparent that before a determination can be made herein the powers and duties of the petitioner must be ascertained, and in this respect it is undisputed from the pleadings and affidavits that his duties consisted of the inspection of properties, measuring of plots, the making of notations of measurements of properties and data with respect to houses thereon, turning over same to the estimating department of the department of assessment, and after the estimating department had set the values of the said plots and buildings, copying the figures in the assessment books and doing other miscellaneous clerical work that might be assigned. He never appeared at any hearings on grievance day (which hearings were conducted by the members of the Board of Assessors), and in fact the only duty he performed on grievance day was to supply information relating to assessments to persons inquiring therefor at the office of the department of assessment. He had no right to sign assessment rolls or any other documents or papers in connection with the Board of Assessors, and he was not authorized to act in the place of any of the members of the Board of Assessors in their absence or inability to act, and did not have the power to perform any of the duties of the members of the Board of Assessors as defined and prescribed by law. There would seem to be little doubt but that the title " deputy " herein was a misnomer.

It seems clear therefore that petitioner was not a " deputy " within the purview of subdivision 1 of section 13 of the Civil Service Law or section 9 of the Public Officers Law or section 22 of the Civil Service Law.

The question then arises as to whether petitioner comes within subdivision 4 of section 13 aforesaid. In the resolution classifying the petitioner's position in the exempt class, which was approved by the County Executive and the State Civil Service

Commission, it provided in part as follows: "the classification of positions in the Exempt Class in the Nassau County service be and hereby is amended by adding thereto in the Department of Assessments, the words 'Thirteen Deputy Assessors;' it having been determined that competitive or non-competitive examinations is not practicable for filling these positions."

While the County Attorney contends that petitioner's appointment was under subdivision 1 of section 13, it seems clear from the phraseology employed that the appointment was made under subdivision 4, because the language used is very similar to that contained in subdivision 4.

Does the fact, then, that petitioner was designated as a deputy make any difference herein? It would seem that it does not.

The cases hold that merely calling one a deputy is not alone sufficient. As was said by the Court of Appeals in *Matter of Byrnes* v. *Windels* (*supra*, 406): "We are, therefore, called upon to determine whether the relator was a deputy, with corresponding duties, and designated as such by statutory provision. *Merely calling him a deputy is not alone sufficient unless the duties of deputy apply to his office and are specified by some act of the Legislature.*" (Italics supplied.)

The case from which the foregoing quotation was taken involved an assistant corporation counsel of New York City. The court held that by virtue of the Charter such assistants could be vested with all the powers and duties of the corporation counsel. In other words, that they could become deputies. The court indicated that there was no magic in the word "deputy," saying (p. 409): "*That the classification of 'deputy' in section 13, subdivision 1, is not intended to be a definition or limitation upon the use of the word throughout the entire act, is quite evident, when we see that the position of cashier or private secretary, if there be more than one, is not included in section 13, but is included in the exception to section 22. In other words, 'deputy,' in this exception, may be broader in meaning than when used in subdivision 1 of section 13.*" (Italics supplied.)

The court, in holding that the assistant corporation counsel was a deputy, distinguished the case from other cases decided at the previous term when the applicants had been found to hold subordinate offices and not to be deputies. (*Matter of Mafera* v. *Pasta*, 265 N. Y. 552 [Commissioner of Parks of Borough of Queens]; *Matter of Kiernan* v. *Ingersoll*, 265 N. Y. 553 [Superintendent of the Bureau of Public Buildings and

Offices in the Borough of Brooklyn]; *Matter of Murray* v. *Blanshard,* 265 N. Y. 554 [Examiner of Accounts of the City of New York]; *Matter of MacMaster* v. *Harvey,* 265 N. Y. 555 [Assistant Commissioner of Public Works].) In the last four cases, as in the case at bar, the positions were all classified as exempt and the basis of the affirmance by the Court of Appeals in all the cases was *Matter of Fornara* v. *Schroeder* (261 N. Y. 363), which held that section 22 of the Civil Service Law applied to the exempt class as well as to the competitive class.

A similar question was involved in *Matter of Mylod* v. *Graves* (274 N. Y. 381). There the question involved the Tax Appraiser for Dutchess County. The court held that his removal without a hearing on charges was proper as he did not come within the classification of a subordinate employee.

The County Attorney refers to the fact that the Legislature of the State of New York amended the Nassau County Government Law (L. 1936, ch. 879, § 607 [adopted by Nassau County Jan. 1, 1938], as amd. by L. 1942, ch. 331) so as to permit the hearing of complaints by any member of the Board of Assessors or a Deputy Assessor designated by the Chairman of the Board, and that such persons might sit to hear complaints and report their recommendations thereon, with their reasons therefor, to the Board of Assessors, any such hearing to have the same effect as a hearing before the full Board of Assessors, thus placing in the Deputy Assessors certain broad discretionary powers and duties formerly vested only in the members of the Board of Assessors.

It is difficult to see how this amendment can be of any assistance to the County Attorney. It was not passed until after the discharge of the petitioner herein. If anything, it bolsters the claim of the petitioner that he was not actually such a " deputy," but was a subordinate. The aforesaid amendment was evidently intended to remove any doubt as to the fact that the deputies are in fact deputies, although whether it actually accomplishes that result is not before this court.

It would, therefore, seem to follow that the petitioner, the holder of an exempt position in the classified civil service, was not a deputy within the meaning of section 22 of the Civil Service Law, but was rather a subordinate employee and, being an exempt fireman, is entitled to the protection of said section 22. (*Matter of Fornara* v. *Schroeder, supra.*)

Accordingly, the application for relief is granted and the petitioner will be reinstated.

Settle order on notice.