In the Matter of ALBIN E. ERIKSON, Respondent, against JULIUS HELFAND et al., Constituting the Athletic Commission of the State of New York, et al., Appellants.

Third Department, December 23, 1955.

*Jacob K. Javits, Attorney-General (George H. Rothlauf* and *James O. Moore, Jr.* of counsel), for appellants.

*James F. Ryan* for respondent.

ZELLER, J. On March 13, 1953, petitioner-respondent, an honorably discharged veteran of World War I, was appointed a deputy commissioner of the State Athletic Commission. On April 30, 1955, petitioner-respondent was removed from his position by the State Athletic Commission without being charged with incompetency or misconduct and without a hearing. Claiming that this removal was illegal by reason of his veteran status, petitioner-respondent sought and obtained, under article 78 of the Civil Practice Act, an order directing his reinstatement. This is an appeal from that order.

Subdivision 1 of section 22 of the Civil Service Law (successor to the so-called " Veterans Act " enacted following the Civil War) provides, in part: " Removal of veterans and volunteer firemen. No person holding a position by appointment or employment in the state of New York, * * * who is an honorably discharged soldier, sailor, marine, * * *, having served as such in the army or navy of the United States * * * during world war I, * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, * * * *Nothing in this subdivision shall be construed to apply to the position of private secretary, cashier or deputy of any official or department.*" (Emphasis supplied.)

The position of deputy commissioner of the State Athletic Commission was created by the Legislature by section 2 of chapter 912 of the Laws of 1920 which reads, in part: " The commission may appoint and at pleasure remove * * * *deputies* ". (Emphasis supplied.) The Legislature did not say " investigators " or " inspectors " or " assistants ". It said " deputies ". The Civil Service Law excluded from its protection the position of deputy. In creating the position and plainly designating the persons to be appointed thereto " deputies ", the Legislature must have intended the position to be excluded from the protection furnished by the Civil Service Law. (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489; *People ex rel. Ryan* v. *Wells,* 176 N. Y. 462.) In *Davis* v. *Supreme Lodge, Knights of*

*Honor* (165 N. Y. 159, 166) it was said: " All new laws are supposed to be enacted with knowledge on the part of the lawmakers of the existence and scope of the old laws ".

Petitioner-respondent argues that the mere use of the word " deputy " does not, in and of itself, create the exception. That is true when a position has been established or classified by some authority other than the Legislature. No appointing officer or local legislative body by mere use of the word " deputy " can thereby pervert the intent and purpose of the Civil Service Law. However, the Legislature, in creating a position, by definition alone can put that position within the exception which it has prescribed.

The order should be reversed and the petition dismissed upon the merits, without costs.

HALPERN, J. (dissenting). I dissent and vote for affirmance, substantially for the reasons given by Justice HAMM at Special Term but, because of the importance of the question involved, it may be useful to go over the ground in greater detail.

The position of deputy commissioner of the State Athletic Commission is clearly not that of a deputy in the true or ordinary sense of the word. " A ' deputy ' has been defined by the Standard Dictionary (Funk & Wagnalls Co.) as ' One authorized to act for or in place of another, especially in official relations.' * * * ' the term *deputy* means " one who is appointed, designated, or deputed to act for another." * * * ' " (*Matter of Byrnes* v. *Windels*, 265 N. Y. 403, 407.)

Section 6 of the statute (L. 1920, ch. 912, as last amd. by L. 1953, ch. 137) defines the jurisdiction of the commission as follows: " The commission shall have and hereby is vested with the sole direction, management, control and jurisdiction over all such boxing, sparring and wrestling matches or exhibitions, professional as well as amateur, to be conducted, held or given within the state of New York. The commission is hereby given the sole control, authority and jurisdiction over all licenses to hold boxing, sparring or wrestling matches or exhibitions for prizes or purses or where an admission fee is received, and over all licenses to any and all persons who participate in such boxing, sparring or wrestling matches or exhibitions, as hereinafter provided."

The statute authorizes the commission to appoint deputies; the number of deputies is left to the discretion of the commission, within the limits of budgetary appropriations (§ 2). The only statutory prescription of the duties of the deputies is found

in section 5 of the statute: " The commission shall direct a deputy to be present at each place where boxing, sparring or wrestling matches or exhibitions are to be held pursuant to the provisions of this act. Such deputy shall ascertain the exact conditions surrounding such match or exhibition and make a written report of the same in the manner and form prescribed by the commission." (L. 1920, ch. 912, as amd. by L. 1952, ch. 666.)

As Justice HAMM pointed out at Special Term: " These duties require little more than adequate literacy and reasonable faculty of observation. They are wholly subordinate." (208 Misc. 509.)

The statute does not authorize the deputies under any circumstances to exercise the discretion vested in the commission or to act in its stead. The deputies are not authorized to perform any act which the statute requires the commissioners to perform, even if the commissioners are absent or unable to act.

In determining whether a particular position, which is created by statute, is that of a deputy within the meaning of section 22, we must look to the duties which are prescribed by the statute or which are delegated to the holder of the position pursuant to statutory authorization. " Merely calling him a deputy is not alone sufficient unless the duties of deputy apply to his office and are specified by some act of the Legislature." (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403, 406, *supra.*)

" Even though one may be called a deputy, he is not a deputy within the meaning of the exclusionary provision of section 22 unless he is authorized by statute to act for and on behalf of the principal officer or unless his duties are prescribed by statute in such a manner as to make him in legal effect a deputy." (*Heath* v. *Creagh,* 197 Misc. 537, 543, affd. 276 App. Div. 948.)

Applying this test, the duties specified by the Legislature are obviously insufficient to make a deputy commissioner a deputy within the meaning of section 22. Neither has there been any delegation of statutory duties, pursuant to statutory authorization, of a character which make him a deputy.

The commissioners are authorized by section 1 of the statute to " make such rules for the administration of their office, not inconsistent herewith, as they may deem expedient ". This general language does not authorize the commissioners to delegate any of their statutory powers to the deputies and the commissioners have not attempted to make any such delegation.

In this situation, the imposition of additional duties upon deputy commissioners and other employees by the rules adopted by the commission cannot affect the legal character of the position. But even if we take the rules into account, there is nothing

in them to change our conclusion. The duties are of a character appropriate for subordinate employees; they are plainly insufficient to characterize the work of the employees as that of true deputies.

The rules provide (rule A, subd. 5) that " At all contests and exhibitions " a deputy commissioner " shall have full power to act on behalf of the commission to fully enforce all the rules and regulations of the commission " and further that " each official has the power and authority to immediately suspend, without prior notice, any licensee for any violation of these rules and regulations or the laws of this state ". (N. Y. Official Compilation of Codes, Rules & Regulations [8th Off. Supp.] p. 529.) It will be noted that the power of the deputy commissioner who is present at the contest or exhibition is limited to the enforcement of the rules or regulations of the commission and to the interim suspension of a licensee for a violation of the rules or regulations or of State laws. These provisions do not delegate any part of the commission's statutory power to the deputy. The deputy's duties are substantially those of a law enforcement officer, in enforcing existing laws, rules and regulations. Beyond the temporary suspension of a licensee with respect to a particular contest or exhibition, the deputy is not given any power to act and, indeed, he could not be given any such power by the rules since section 17 of the statute specifically provides that a license may be revoked or suspended only by the commission itself.

The duties prescribed in the other provisions of the rules to which the Attorney-General directs our attention are also of a subordinate character, relating principally to the inspection and supervision of the conditions under which the bouts are carried on.

In any event, as has already been pointed out, whatever interpretation may be placed upon the rules, the duties prescribed by statute are controlling in determining whether a deputy commissioner is a deputy within the meaning of section 22. The statutory duties of a deputy commissioner are limited to the making of " a written report " of " the exact conditions surrounding such match or exhibition ".

It cannot be seriously contended that a deputy commissioner of the State Athletic Commission is a deputy within the meaning of subdivision 1 of section 13 of the Civil Service Law, which defines a deputy for the purpose of exemption from civil service examination. To come within that subdivision, the deputies must be " authorized by law to act generally for and in place of their

principals ''. Neither can it be seriously contended that the deputy commissioner is a deputy within the meaning of section 9 of the Public Officers Law. Under that statute, the term '' deputy '' is applied to a person who is to '' possess the powers and perform the duties of his principal during the absence or inability to act of his principal, or during a vacancy in his principal's office ''. The deputy athletic commissioner is clearly not a deputy within the meaning of either of these two statutes.

I believe it is equally clear that he is not a deputy within the meaning of the exception clause in section 22 of the Civil Service Law. In excepting from section 22 of the Civil Service Law, the '' deputy of any official or department '', the Legislature must have contemplated a person who was, to a substantial extent, the alter ego of an independent officer or commission. '' This exception to the general policy expressed in section 22 of the Civil Service Law contemplates only officers authorized by statute or pursuant to statute to exercise a substantial part of the important duties of their principals '' (*Matter of O'Day* v. *Yeager*, 284 App. Div. 754, 756, revd. on other grounds 308 N. Y. 580).

There is nothing in the majority opinion which disputes the proposition that the statutory duties of a deputy commissioner of the State Athletic Commission are not such as to make him a deputy in the ordinary and accepted sense of the term.

Without going into that question at all, the majority opinion takes the position that the mere use of the title '' deputy '' in the statute inexorably and necessarily makes the holder of the position a deputy within the meaning of section 22 of the Civil Service Law. With this, I cannot agree. The Legislature undoubtedly has the power to provide that a particular position should be excluded from the scope of the protection afforded by section 22, regardless of the true nature of the position, but I do not believe that we should attribute to the Legislature an intention to bring about that result merely because it used the word '' deputy ''. The Legislature may well have used the word '' deputy '' as a matter of convenience or to give added prestige to the position, without any intention of depriving the holder of it of the protection of section 22. (*Matter of Ostrander,* 12 Misc. 476, affd. on opinion below 146 N. Y. 404.) I see no reason for assuming that the Legislature, in using the term '' deputy '' in specifying the title of the position of an amanuensis or investigator appointed by the State Athletic Commission, intended to use the term in the same sense as that in which it is used in section 22. As I have pointed out, the word

" deputy " is obviously not used in the State Athletic Commission statute in the same sense as that in which it is used in section 9 of the Public Officers Law or in subdivision 1 of section 13 of the Civil Service Law. The word " deputy " is used in various senses in the consolidated and unconsolidated laws of the State. The sense in which the Legislature used the term must be determined in the context of the statute involved in each case.

The view adopted by the majority of the court runs directly counter to the uniform holding of the decisions of the Court of Appeals. " The mere use of the word ' deputy ' may not in and of itself create the exception " (*Matter of Byrnes* v. *Windels,* 265 N. Y. 403, 407, *supra*). " The Legislature did not intend that rights of tenure to a position should be determined by the name given to the position. The duties of the position, as defined by some statute or by an ordinance or resolution duly authorized by statute, not its name, determine the status of the position." (*Matter of Rohr* v. *Kenngott,* 288 N. Y. 97, 105.) " It is not the title which the position bears but the character of duties required of its incumbent which must control our decision " (*Matter of Mercer* v. *Dowd,* 288 N. Y. 381, 385).

The majority opinion recognizes that the mere use of the term " deputy " would not bring the position within the exception clause of section 22, if the term were used by a local legislative body acting under the Home Rule Amendment or by a public officer or board. A distinction is sought to be drawn between local legislation and the action of administrative authorities, on the one hand, and State statutes on the other. No such distinction is made in the Court of Appeals decisions cited in the preceding paragraph. The decisions were all in general terms, rejecting the notion that the title, however bestowed, is controlling, without regard to the actual duties of the position.

As a matter of fact, the position of a true deputy of an independent officer, within the meaning of the exception clause of section 22, can ordinarily be created only by legislative action, that is, by the action of a local legislative body under the Home Rule Amendment or by the action of the State Legislature. The principle laid down in the Court of Appeals cases cited above, that the title is not of itself controlling, must, therefore, have been intended to apply equally to the use of the term " deputy " by a local legislative body and by the State Legislature itself.

So far as I have been able to find, no case has ever drawn the distinction drawn in the majority opinion. The distinction is sought to be justified upon the ground that the Legislature has

the power by its mere fiat to exclude positions from the protection of section 22 whereas local legislative bodies, public officers and boards have no such power. This is true but it does not follow that the mere use by the Legislature of the word " deputy " establishes that it intended to exercise its power to exclude the particular position from the statutory protection. On the contrary, as the Court of Appeals has repeatedly said, no inference of such an intention is to be drawn from the mere use of the word " deputy ".

No legislative history, contextual language or policy considerations are offered to support the conclusion that the Legislature intended, in using the term " deputy " as the title of the assistants to the State Athletic Commission, to exclude them from the protection of section 22. As a matter of principle, I can find no justification for attributing such an intention to the Legislature. The purpose of section 22 is to protect veterans who hold subordinate positions against removal without charges. As has been demonstrated by the analysis of the duties of the deputy commissioners, they are unquestionably subordinate employees; they do not possess any of the discretionary powers vested in the commission.

It is well settled that independent officers, as distinguished from subordinate employees, are not entitled to the protection of section 22 (*Matter of Mylod* v. *Graves,* 274 N. Y. 381). In excluding the deputies of any officer or department from the protection of section 22, the Legislature intended to exclude, along with the independent officers, the persons who were authorized, to a substantial extent, to take the place of the independent officers and who, in that sense, might themselves be regarded as independent officers. In the case before us, it is clear that the deputy commissioners do not share any of the qualities of independent office which adhere to commission membership. Viewing the matter in this light, it must again be concluded that they are not deputies within the meaning of the exception clause of section 22 but are subordinate employees.

Two cases are cited in the majority opinion as supporting the distinction which it attempts to draw between the use of the word " deputy " by the Legislature and the use of the word by some other authority. The first case cited (*People ex rel. Hoefle* v. *Cahill,* 188 N. Y. 489) does not throw any light upon this point. The second case (*People ex rel. Ryan* v. *Wells,* 176 N. Y. 462) dealt with the position of deputy tax commissioner under the Charter of the City of New York. There is nothing in the opinion

of the Court of Appeals to indicate that the court held the position of deputy tax commissioner to be that of a deputy within the meaning of the exception clause of the then section 21 (now § 22) of the Civil Service Law, solely because the title of deputy had been given to the position in the legislative charter. On the contrary, it seems to have been assumed by the court that the deputy commissioner shared the powers of the independent officers under whom he served and that his position was that of a true deputy. The only question before the court was whether in addition to showing that the deputy tax commissioner was a deputy in the true sense of the word, it had to be shown that he occupied a confidential relationship. Under section 21 of the Civil Service Law (now § 22), as it read prior to its amendment by chapter 270 of the Laws of 1902, the exception clause of the section applied to " the position of private secretary or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer " (L. 1899, ch. 370, § 21). It was argued that, because of this language, " only such deputies were to be excepted from the provision of the section as bore confidential relations to the appointing officers " and that, since the relation of deputy tax commissioner to the board of tax commissioners was not confidential, the deputy did not come within the exception. The Court of Appeals held that, whether this may have been the correct interpretation of the pre-1902 statute or not, it could not be accepted as the proper construction of the section after the adoption of the 1902 amendment which struck out the words " or to any other person holding a strictly confidential relation to the appointing officer ". The deputy tax commissioner was, therefore, held to fall within the exception in section 21 (now § 22).

The only sentence in the court's opinion which could possibly lend any support to the interpretation adopted by the majority in our case is the sentence which reads: " The office of the relator is declared by the charter to be that of deputy tax commissioner which would bring him within the language of the exception or qualification in the civil service statute " (p. 464). This sentence appears in the course of the discussion of the " strictly confidential relation " provision referred to above. There is no basis for inferring that the Court of Appeals meant by the quoted sentence that the mere use of the term " deputy " by the Legislature as the title of any position, regardless of its

duties, would necessarily bring the position within the exception clause of section 22. There is no discussion of that point in the court's opinion at all.

Furthermore, even if we assume that the quoted sentence may be construed as supporting the view that the mere use of the word " deputy " is in and of itself controlling, the fact remains that that view was emphatically rejected by the Court of Appeals in *Matter of Byrnes* v. *Windels* (*supra,* p. 407) when it said that " The mere use of the word ' deputy ' may not in and of itself create the exception ". The principle laid down in the *Byrnes* case has been uniformly followed in this State for over twenty years.

A similar view has been expressed by the Court of Appeals with respect to the other titles which appear in the exception provision of section 22. The mere use of the title " cashier " does not necessarily bring the position within the exception of cashiers (*Matter of Rohr* v. *Kenngott, supra*) and the mere use of the title " secretary " does not necessarily bring the position within the exception of secretaries (*Matter of Mercer* v. *Dowd, supra*). It is true that in those two cases the title was not specified by a statute but was selected by the appointing officers and the Civil Service Commission but there is nothing in the opinion of the court in either case to indicate that this was regarded as a material factor or that the decision of the court would have been different if the title of the position had been specified by the Legislature.

The Attorney-General is mistaken in his assertion that none of the decisions holding that the mere use of the word " deputy " is not controlling, involved a legislative use of the term. Several of the cases dealt with positions which had been created by the Legislature and which had been given the title of deputy by the Legislature. *Heath* v. *Creagh* (197 Misc. 537, affd. 276 App. Div. 948, *supra*) is an example which comes readily to the mind of the writer of this opinion. In that case, there was a controversy as to whether the position in question was governed by a local law or whether the section of the legislative charter of the City of Niagara Falls (L. 1916, ch. 530), which the local law had sought to amend, was still in force. The local law used the title of " Deputy Director of Public Works ". The legislative charter used the title " Deputy Superintendent of Public Works ". Both used the term " deputy ". The court held that, notwithstanding the use of the term " deputy " and regardless of which

provision was in force, the position was not that of a true deputy within the meaning of the exception in section 22 and that the petitioner was therefore entitled to reinstatement. In *Matter of Steen* v. *County of Nassau* (179 Misc. 821, affd. 265 App. Div. 858) the court dealt with the position of deputy assessor. The title of " deputy assessor " had been conferred upon the position by the Legislature by chapter 879 of the Laws of 1936, setting up alternative forms of county government (see §§ 603 and 607). The court nevertheless held, upon an inquiry into the nature of the position, that it was not that of a deputy within the meaning of the exception in section 22 but was a subordinate position and it accordingly held that the petitioner was entitled to reinstatement. The same conclusion should be reached here.

The order appealed from should be affirmed, with costs.

BERGAN and COON, JJ., concur with ZELLER, J.; HALPERN, J., dissents in an opinion, in which FOSTER, P. J., concurs.

Order reversed and petition dismissed upon the merits, without costs.