Chief Judge Conway.
On April 8,1948 Justin E. Driscoll was appointed to a position with the Troy Housing Authority. On February 7, 1957 he was discharged from that position without a hearing and without the submission of any charges. He contends that as an honorably discharged veteran of World War I (his status as such being conceded), he is entitled to the protection of section 22 [now § 75*] of the Civil Service Law. That section provides that such a veteran as Driscoll shall *517 not be removed ‘ ‘ except for incompetency or miscondnet shown after a hearing upon due notice upon stated charges ”.[1] There are certain exceptions to that provision, specifically contained in the section, which are discussed infra. At the moment it will suffice to observe that the statute could not be invoked by any person, veteran or otherwise, who holds (or held) his position in the civil service unlawfully. "Whether Driscoll held his position pursuant to law depends upon whether or not the position was in the exempt class of the service. The respondents maintain that it was not exempt, and that it would, therefore, fall into the catch-all competitive class (Civil Service Law, § 14 [§ 44]); that since Driscoll had never taken a competitive examination and had been in office far beyond the maximum periods allowable for a provisional appointment (Civil Service Law, § 15, subd. 1 [§ 65, subd. 2]), or for a temporary appointment (Civil Service Law, § 15, subd. 3 [§ 64, subds. 1, 2]), he held his position unlawfully and was (and is) entitled to no relief whatever.
In a proceeding under article 78 of the Civil Practice Act, brought by Driscoll for reinstatement to his position with back pay, Special Term granted the relief sought. The Appellate Division reversed that determination on the law, and dismissed the petition.
All of the available evidence leads only to the conclusion that the position to which Driscoll was appointed was, in civil service contemplation, that of Secretary of the respondent Authority, which position is in the exempt class of the civil service. Section 32 of the Public Housing Law is the provision which authorizes the employment of a Secretary by a Housing Authority “ subject to the provisions of the civil service law applicable to the municipality in which it is established ”, and subdivision 2 of section 13 [§ 41, subd. 1, par. (c)] of the Civil Service Law and paragraph Second of rule V of the Municipal Civil Service Rules for the City of Troy both exempt the position of Secretary. If Driscoll was appointed to and served in the position of Secretary as contemplated by both the statute and the rule, he was in the exempt class. We conclude that he was so appointed and did so serve, and our conclusion is necessitated by three items of evidence: (1) a roster card of *518 the Troy Civil Service Commission, which carries Driscoll as “Executive Sec’y ” of the Troy Housing Authority; (2) the minutes of the Troy Housing Authority meeting of April 8, 1948, at which Driscoll received his initial appointment; and (3) the terminology of section 64 of the old State Housing Law, precursor of the present-day section 32 of the Public Housing Law.
Opinion per Chief Judge Conway
The roster card is ambiguous to the extent that it has check marks next to both “ Unclassified ” and “ Exempt ”. Of course, Driscoll could not be both, and he concedes that he was not unclassified. But the check mark next to “ Exempt ” should not be regarded as decisive, either. The check marks should both be disregarded as lacking evidentiary value because of the ambiguity they present.
Aside from the check marks appearing thereon, however, the roster card must be given evidentiary value because of the unequivocal “ Executive Sec’y ” appearing on it. Bule V of the Troy Civil Service Commission Eules provides, under paragraph “ fifth ”, that all appointments to exempt positions must be brought to the attention of the commission within 24 hours after the same are made. The card is apparently the only record on file with the commission which relates to the original appointment of petitioner Driscoll, and to the card attaches a presumption of validity as the corollary of the well-settled presumption “ that public officials, as well as boards, act honestly and in accordance with law ’ ’ (Matter of Magnotta v. Gerlach, 301 N. Y. 143, 149). A card on file with a commission supervising municipal civil service, containing data which the law requires the particular agency to forward to the commission, falls completely within the presumption that gives prima facie effect to the acts of public officials. The presumption is that the Authority gave notice of the appointment to the commission as required by the rule; the card being the only record the commission had for Driscoll, and its occupying the commission’s own file, brings on the further presumption that the commission acted in accordance with legal requirements and recorded on the card the correct data concerning Driscoll’s position as obtained from the notice that the Authority was required to give the commission. Of course, these presumptions are rebuttable, but they have in no manner been rebutted. *519 The respondent seeks to discount the roster card because there are no marks of authentication on it. But we are pointed to no requirement that such card be signed or dated or otherwise authenticated. It was part of the commission’s files, and had been there for more than eight years. Its authenticity must be presumed, or we have presumed wrongdoing rather than honesty on the part of public officials — and without any item of evidence from which even an inference of wrongdoing could be drawn. (There is no contention that other than public officials had access to the commission’s files.) Additional evidence would be required to destroy the validity of the card, not to establish it.
The respondent urges that the card has no value because “ There is no indication that the position was specifically classified as exempt by the Troy municipal civil service commission by modification of its existing rules so as to include the position among those specifically enumerated as exempt.” To classify as exempt a previously nonexempt position, a detailed procedure must be followed which clearly was not followed here. But what seems to have been overlooked is the fact that no such procedure had to be followed here because no rule modification was necessary. Both the Civil Service Law and the Troy Civil Service Commission Rules already had provisions making the position of Secretary exempt. Rule V (Troy Civil Service Commission) reads in part: “ The Exempt Class shall include * * * Second'—One secretary of each officer, board or commission authorized by law to appoint a secretary. * * * Fourth—Other subordinate offices * * *, but no office or position shall be deemed to be in the Exempt Class unless it is specifically named in such class. * * * ” The rule is substantially the same as section 13 [§ 41] of the Civil Service Law. Apparently, the respondent would have us interpret paragraph “ Fourth ” (supra) regarding the necessity of naming each specific exempt position in a rule, as applying to the positions enumerated in the preceding three paragraphs as well as to the “ other subordinate offices ” mentioned in the same paragraph which contains the requirement (par. “Fourth”). We construe the proviso of paragraph “Fourth” as relating only to the positions mentioned there, i.e., “ other subordinate offices ”. That would mean subordinate offices “ other ” than those previously mentioned in paragraphs First, Second and *520 Third. That construction seems unavoidable. Both the statute and the rule are worded mandatorily and not permissively. Before the requirement is arrived at which states that positions are exempt only if specifically exempted by rule, the position of Secretary is listed. And its listing follows the specific legislative instruction (§ 13) that “The following positions shall be included in the exempt class ” (emphasis supplied) and the equally specific regulatory direction (rule V) that “ The Exempt Class shall include ” (emphasis supplied). The term “ other subordinate offices ” appears in both the old statute and the rule in paragraphs separate from and coming after those in which the position of Secretary is exempted, and the proviso is integrated as part of such paragraphs, thus applying to offices other than those previously enumerated in the statute and rule, respectively. The Secretary of the Troy Housing Authority is in an exempt position, and no rule is necessary to exempt it any more specifically than it is presently exempted by statute and rule.
The question arose below as to whether the Civil Service Law applies to the position of Secretary to a Housing Authority. Section 32 of the Public Housing Law is worded, in part, thus: “ 1. An authority * * * may employ, subject to the provisions of the civil service law applicable to the municipality in which it is established * * * a secretary * * Petitioner Driscoll argued (and argues) that the quoted provision makes applicable to the position of Secretary the commands of the Civil Service Law, including its section 13 [§ 41]. That would seem to be an incontrovertible position. The statute itself (§ 13 [§ 41]) exempts one Secretary of “ each municipal board or commission ’ ’, but it is urged that the respondent Authority is not either. But if it were a “municipal board or commission ’ ’, the quoted provision of section 32 of the Public Housing Law, subjecting the position of Secretary of a Housing Authority to the provisions of the Civil Service Law, would be unnecessary, because the latter would apply to the Authority by its own terms (Civil Service Law, § 2, subd. 3 [§ 2, subd. 5]). The purpose of section 32 of the Public Housing Law is to mahe applicable to a Housing Authority’s Secretary “ the provisions of the civil service law applicable to the municipality in which it is established ”. Such provisions are *521 already applicable to municipal boards and commissions without any assistance from the Public Housing Law. If we were to hold that the Civil Service Law continues to apply only to boards and commissions despite an express legislative instruction that its provisions govern a Mousing Authority as well, we would have to hold that each different denomination of administrative agency to which the Legislature wished to apply civil service provisions would have to have a separately enacted body of them distinct from the present Civil Service Law. Such holding is untenable, and does violence to the plain words of section 32 of the Public Housing Law. There would appear to be no doubt that the position of Secretary is exempt; we return then to the question of whether or not petitioner Driscoll was appointed Secretary.
Respondent Authority contends that Driscoll’s appointment was to the position of “ executive director ”, which is not exempted under any provision. It relies on the minutes of the meeting at which Driscoll was appointed. The minutes appear in part as follows: ‘ ‘ The name of Justin E. Driscoll was suggested for the position of Director of the project and he was formally appointed to this position at a salary of $3,600.00 per year. Mr. Driscoll has been approved by the State Authority.” “ Mr. Stack resigned as Secretary of the Authority and Mr. Driscoll was named Secretary and Treasurer.”
The minutes establish first that it was the directorship to which he was first appointed, with appointments as Secretary and Treasurer following. Even were the minutes silent as to a secretaryship appointment, the designation of “Director”, when considered in its historical significance, would offer evidence of the strongest kind that the position of Director as regarded by the respondent is the very position of Secretary as regarded by the Troy Civil Service Commission. The old Housing Law (L. 1926, ch. 823) was amended in 1934 to add a section 64 (L. 1934, ch. 4), which section provided in part that ‘ ‘ An authority * * * may employ a secretary, who shall be executive director * * * ” (italics added). Chapter 808 of the Laws of 1939, enacting the Public Housing Law, repealed section 64 (inter alia) of the old Housing Law, and section 32 of the new law became the authorization for an Authority’s appointment of a Secretary. The legislative history *522 behind the statute, when the duties assigned to the position by the respondent Authority are considered, indicates that both the old and new law contemplate the same office. The old law had express provision for a Secretary ‘ ‘ who shall be executive director ”; the new law alludes only to a Secretary. Yet Driscoll’s duties under the Authority, as manifested in the contract of employment recently made between them, establish that he functioned as both Director and Secretary of the respondent. In both old section 64 and later section 32, it is provided that the Authority shall determine the duties of the office, as the respondent at bar has done. In successor sections to old section 64, the direction that the Secretary “ shall be executive •director ” was omitted. But it had obviously become custom and usage for the occupant of the position to be referred to as Director or Executive Director; and that conclusion is strongly corroborated by the duties incumbent upon the holder of the office. It is further corroborated by Driscoll’s simultaneous appointment as Secretary to the Authority. The roster card is final proof, if any more were needed. It would be logical that the local Civil Service Commision be informed that Driscoll was appointed as Secretary for, despite the familiar title by which the incumbent is known within the particular agency involved, the local Civil Service Commission is concerned only with his official title for specific purposes regarding his status and, perhaps, his salary.
The aggregate of the roster card and the legislative history of section 32 of the Public Housing Law and the duties assigned to Driscoll and the minutes of the Authority’s meeting establish conclusively, in our judgment, that petitioner Driscoll was appointed Secretary to the respondent Authority.
The respondent contends that even if Driscoll did occupy an exempt position he was still not entitled to the protection of subdivision 1 of section 22 [§ 75, subd. 1, par. b] of the Civil Service Law, which requires specific grounds and a hearing before a veteran such as Driscoll may be dismissed. The Authority relies on an express provision therein, which excludes a 1 ‘private secretary” from the protection afforded by the statute, and upon the case of Matter of Glassman v. Fries (271 N. Y. 116, 119), where we said that the words “ private secretary” in that section ‘ ‘ embrace every person holding the *523 position of secretary under section 13.” Our words in the Glassmcm case appear to have at least prima facie applicability, but we distinguished that case in our later decision in Matter of Mercer v. Dowd (288 N. Y. 381, 385). We quoted the Glassmcm words relied on by the Authority, and then said the following: “We think the respondents’ argument disregards the duties assigned to the appellant as executive secretary. It is not the title which the position bears but the character of duties required of its incumbent which must control our decision. ‘ The Legislature did not intend that rights of tenure to a position in [civil service] should be determined by the name given to the position. The duties of the position, as defined by some statute or by an ordinance or resolution of a body duly authorized by statute, not its name, determine the status of the position [Emphasis supplied.] (Matter of Rohr v. Kenngott, 288 N. Y. 97, 105; Matter of Byrnes v. Windels, supra [265 N. Y. 403], pp. 406, 407.) ” We then added the following: “ The record at hand makes it clear that the duties of the position from which the appellant was removed were not within the class excepted by the Civil Service Law (§ 22, subd. 2, or § 13, subd. 2).” And at another point in Mercer (p. 386) we said this: “In the performance of those duties [those assigned to Mercer] the appellant was not * * * a * secretary,’ under subdivision 2 of section 13 * *
In the above-quoted portions of our Mercer opinion our design was not to hold that his position was not “ secretary” under section 13; we meant only to hold that it was not “private secretary ” under section 22. Our words, it must be conceded, are not too clear, but the entire case was concerned not with whether Mercer was exempt under section 13, but with whether he was to be denied the protection afforded veterans under section 22. During all of our treatment of that subject we were endeavoring only to establish the nature of Mercer’s true position—examining its duties for the purpose—in order to determine whether he was in any sense a ‘ ‘ private secretary ’ ’. When we cited section 22 in the course of our discussion, we simultaneously cited section 13, which was not germane to the specific question before us. There is no doubt that Mercer’s position was Secretary and exempt ‘ ‘ under subdivision 2 of section 13 of the Civil Service Law” (see 263 App. Div. 932). *524 In any event Driscoll is in substantially the same position Mercer occupied, under our rationale in that case. The analogy is compelled by our words in Mercer, that our decision must be controlled by “ the character of duties required” of the position’s incumbent. Mercer’s duties, which we described in our opinion, are strikingly similar to Driscoll’s, as evidenced by the contract recently made between him and the Authority, which contract looked expressly to ‘[1] continuing the employment ”. Both performed clerical duties; both had supervision and direction of subordinate employees; both had duties of maintaining the properties of their respective agencies. Mercer’s duties were clerical, supervisory and managerial, for which reason we held him entitled to the protection of section 22 because he was not the “ private secretary ” excluded from such protection. Driscoll’s duties are clerical, supervisory and managerial—fully analogous to those of Mercer. The protective provisions of section 22 are fully applicable to petitioner Driscoll. Without the “ incompetency or misconduct shown after a hearing upon due notice upon stated charges ”, Driscoll was wrongfully dismissed. He is entitled to reinstatement with back pay (less compensation received from other employment during the interim, as Special Term held).
The order of the Appellate Division in the article 78 proceeding is reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.
The judgment entered on the order of the Appellate Division in the contract action, brought simultaneously with the proceeding, by Driscoll as plaintiff, which dismissed the complaint upon the merits, is affirmed on the ground that petitioner Driscoll has had full relief under our decision in the article 78 proceeding, decided simultaneously herewith.
Judges Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke concur.
In Matter of Driscoll v. Troy Housing Auth.: Order of Appellate Division reversed and that of Special Term reinstated, with costs in this court and in the Appellate Division.
In Driscoll v. Troy Housing Auth.: Judgment affirmed, without costs.

As of April 1, 1959, a revision and reeodifleation of the Civil Service Law took effect (L. 1958, ch. 790). All of the substantive provisions of the former Civil Service Law with which this opinion must deal, however, are retained in the new compilation. To coincide with the citations appearing in the briefs and in the opinions below, references herein shall be to the necessary sections by their numbers as before the revision; for convenience, there appears in brackets next to each such citation the number of the section in the reeodifleation into which the old provision has been incorporated.

. Quotation from old § 22. New § 75 is substantially the same.