Arnold L. Fein, J.
In this article 78 proceeding and action for declaratory judgment, respondents move (1) to renew a prior application to dismiss, (2) for dismissal and (3) pursuant to CPLR 3212 for summary judgment.
Before passing upon the objections raised by petitioners as to the propriety of the procedural vehicle utilized by respondents and the contentions of the respective parties as to the merits of the motion, it must be emphasized that this court (orders dated Jan. 4, 1972 and Dec. 29, 1972) and the Appellate Division (order dated Sept. 26, 1972) have directed a trial of the issue whether certain positions in the Law Department of the City of New York as assistant corporation counsels may lawfully be filled by appointment without competitive examination.
A review of all of the prior proceedings, and in particular the prior determinations rendered by my colleagues Justices Silverman and Mantzoros, clearly indicates that the contentions of the respective parties on this motion for summary judgment were previously raised and considered, Although this motion, *492 in part, is labeled a motion to renew a prior application to dismiss the petition, it is not stated when and before whom the prior application was made, what issues were presented, or what determination, if any, was made on such application for summary dismissal. It is noted, however, that Justice Mantzobos has ruled that petitioners are not entitled to a declaratory judgment or to an injunction.
Even if it be assumed that respondents are seeking to renew a prior motion to dismiss which was denied, such application must be predicated on new facts, not before the court at the time the original application or motion was made. The entire thrust of respondents’ argument is based upon the report and findings filed by the New York City Civil Service Commission on March 15, 1973. This report was made by the commission in response to the directions contained in the prior order dated December 29, 1972, which directed a hearing on the coming in of the report.
The commission was directed to amplify the basis for its determinations made between May 6, 1970 and November 30, 1971 as to 16 positions in issue and to investigate the necessity of exempt class attorneys in the Law Department.
In substance, respondents contend that there are no triable issues to be resolved by the court, because the report contains the rationale supporting the commission’s determinations and demonstrates a reasonable and lawful exercise of discretion by the commission. Aside from the fact that the court is now bound by the prior orders directing a hearing and fixing its limits, it cannot be disputed that petitioners did not have nor were they afforded an opportunity to challenge the findings of the commission. Petitioners, since the inception of this litigation, have been attempting to test before the court the basis upon which the Corporation Counsel has made appointments of lawyers to the Law Department under the exempt status. Moreover, what respondents fail to perceive is that the administrative determinations must be measured against the State Constitution which ‘1 is the groundwork upon which all legislation on the subject is built ”. (Matter of Andresen v. Rice, 277 N. Y. 271, 274.)
Section 6 of article V of the New York State Constitution states: ‘ ‘ Appointments and promotions in the civil service of the state and all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, so far as practicable, shall be competitive ”.
*493 Concededly the Civil Service Law confers upon the Civil Service Commission authority to classify positions. It is also without question the duty of the commission in the exercise of the authority conferred by statute to exercise its discretion in determining the ‘ ‘ limits of the practicable. It is not, however, an uncontrolled discretion ”. (Barlow v. Berry, 245 N. Y. 500, 504.)
“ To know the limit of the practicable, we must give heed to the methods and institutions that are functioning in practice.” (Matter of Ottinger v. Civil Serv. Comm., 240 N. Y. 435, 441.)
Authority to make civil service appointments without competitive examination, in the exempt class, is limited by section 41 of the Civil Service Law, which lists the exceptions permitted for appointment without competitive examination.
The response by the commission to the first question or point directed by order of Justice Manizokos states: “ The Assistant Corporation Counsels in the Law Department are classified in the exempt class pursuant to section 41(1) (b) and (e) of the New York State Civil Service ”.
The sections are not mutually exclusive. Section 41 (subd. 1, par. [b]) permits appointment to the exempt class of “ deputies of principal executive officers authorized by law to act generally for and in place of their principals ”. Section 41 (subd. 1, par. [e]) permits exempt appointments to other subordinate positions where examination may be found not to be “ practicable ”.
Respondents, as well as the commission, contend that Matter of Byrnes v. Windels (265 N. Y. 403), considering the status of Assistant Corporation Counsels, held that they are deputies. Respondents therefore argue that the appointment of assistant corporation counsels in the exempt class is expressly permitted by statute. The application of Byrnes to the circumstances of this action has been commented on in the two prior determinations of this court in this case. (See mem. decisions dated Dec. 7,1971 and Dec. 29, 1972.) Further elaboration is unnecessary npw, except to note that Byrnes (supra), states referable to an Assistant Corporation Counsel: “ Merely calling him a deputy is not alone sufficient unless the duties of deputy apply to his office ” (p. 406).
It would seem to follow that Byrnes does not necessarily require a holding that the mere appointment of a lawyer in the Law Department with the title ‘ ‘ Assistant Corporation Counsel ”, or the designation of the position under such title ipso facto makes the áppointee or the position that of a deputy.
*494 Pertinent in this connection is Matter of Murphy v. Larkin (17 A D 2d 87 and 20 A D 2d 595, affd. 15 N Y 2d 770, cert. den. 382 U. S. 903). In considering whether petitioner there was a deputy, in the light of Byrnes, the court observed (17 A D 2d 87, 92): ‘ ‘ This would depend on the resolution of factual issues which are not determinable on the pleadings and papers before us; among them the actual responsibilities and authority in relation to the Corporation Counsel exercised by the petitioner in his position. The title may not necessarily be controlling; but the delegation of authority and responsibility may well be determinative of the issue ”.
As to section 41 (subd. 1, par. [e]) of the Civil Service Law upon which respondents also rely, it is apparent that examinations may be considered impracticable where a confidential relationship exists between thaappointing officer and the incumbent holding a subordinate position. But the “ confidential character of a position is a circumstance ’ ’ which ‘ ‘ is not susceptible of ascertainment until the relation is known with all its incidents and functions (Ottinger v. Civil Serv. Comm., 240 N. Y. 435, 442, supra.)
Thus, whether the 16 positions remaining at issue may properly be classified as exempt essentially involves a factual determination on a hearing. Petitioner should not be foreclosed from offering proof to contravene the factual basis upon which the commission allegedly made its determination. (See Matter of Mandle v. Brown, 5 N Y 2d 51, 65.)
Accordingly respondents’ motion is in all respects denied. This proceeding is restored to the trial calendar for September 25,1973.
Counsel should be prepared at that time to submit a written list of expected witnesses together with an offer of proof, so that the court may make a pretrial order and fix a date for trial.
Counsel are directed to serve a copy of this order upon the calendar clerk and the clerk of I. C. part 9 without undue delay.