Per Curiam.

The record establishes that the housing authority and the affected employee initially considered his position within the competitive class. It is also established that once the employee’s status in the competitive class was imperiled by his never having passed a competitive examination, the authority treated the position as an exempt one as authorized by section 41 of the Civil Service Law, and subdivision 1 of section 32 of the Public Housing Law, and to confirm this treatment changed the employee’s title to satisfy the nomenclature of section 41.
Contrary to appellant’s view, however, these conclusions do not determine the matter. So long as the statute is valid, the authority was entitled to employ in the exempt class a confidential employee and in that capacity assign to him duties that might otherwise fall within a classification in the competitive class. Appellant notably does not attack the validity of the statute (see Matter of Ottinger v State Civ. Serv. Comm., 240 NY 435, 440-441; 48 NY Jur, Public Officers and Employees, § 316).
Of course, it is immaterial that other housing authorities have employees in the housing manager title with job descriptions and classifications in the competitive class, so long as the Legislature may constitutionally and reasonably allocate at *905 least one exempt confidential employee in the title of secretary to any housing authority under section 41 of the Civil Service Law (cf. Matter of Ottinger v State Civ. Serv. Comm., supra). In addition to the confidential responsibilities of the secretary the authority may assign duties normally found in the competitive position of housing manager (see, generally, Matter of Driscoll v Troy Housing Auth., 6 NY2d 513, especially pp 519-522). That is no stranger than the power of an employer to assign stenographic duties to a confidential secretary in the exempt class, without converting the exempt position into the competitive position of stenographer.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur in Per Curiam opinion; Judge Cooke taking no part.
Order affirmed.